JAMES H. HOLMES v. F. C. NEWMAN.

No. 13,388. ( 75 Pac. 501.)

SYLLABUS BY THE COURT.

BOND FOR DEED—*Recording is Not Notice of Mortgage Relation.* A bond for a deed in the ordinary form is not an instrument of defeasance, within the meaning of section 4217, General Statutes of 1901. The recording of such bond for a deed does not impart notice to a purchaser of the land that the obligee in the bond stands in the relation of mortgagor to the person giving the bond, although that was the intention of the parties.

Error from Lyon district court; DENNIS MADDEN, judge. Opinion filed February 6, 1904. Affirmed.

*Graves & Hamer*, and *Buck & Spencer*, for plaintiff in error.

*Kellogg & Madden*, for defendant in error.

The opinion of the court was delivered by

SMITH, J. : In October, 1857, James H. Holmes was the owner of a quarter-section of land in Lyon county, and Annie Archibald owned an adjoining quarter-section. Asa P. Rand, who resided in Massachusetts, had advanced them money with which to defray the expenses of entering the land, and, for the purpose of securing its payment, Holmes and Annie Archibald executed and delivered to Rand separate warranty deeds, dated October 6, 1857, receiving back from him bonds for deeds of even date with the conveyances. These bonds obligated Rand to convey the land to Holmes in the one case on the payment by the latter of $493 on or before October 30, 1858, and to Annie Archibald in the other, on payment by her of $238 at the same time. The bonds for deeds are in the usual form, binding the grantee in the deeds

to convey by good and sufficient warranty deeds in
fee simple, free from encumbrances, the land in con-
troversy, on the payment of the sums stated.   The
deeds were recorded on April 12, 1859, and the bonds
on January 5, 1860.   They were duly acknowledged.

In October, 1857, James H. Holmes and Annie
Archibald were married, and lived in a cabin on the
husband's land until the April following, when they
both went to the Pike's Peak country and did not
thereafter exercise any rights of possession to the
property.

In May, 1860, Asa P. Rand conveyed both quarter-
sections to Marilla Root, J. S. Greenough, and John
Alden, for a consideration of $1500.   From said
grantees the title came down to the defendant in
error, Newman, who purchased the land from Mary
G. Mosely and husband in 1900.   Rand and the other
owners down to Newman were non-residents of the
state and possessed the land through tenants.

Annie Holmes, *nee* Archibald, died in 1887, leaving
two children surviving her, and plaintiff in error
claims to own three-fourths of the 160 acres of land
standing in her name as heir at law of his wife and
two deceased children.   This was a suit by Holmes
against Newman to redeem.   He was denied any re-
lief below.   The court found that the warranty deeds
by Holmes and Annie Archibald, and the bonds for
deeds given back to them by Rand, were in legal effect
mortgages on the land.   This action was begun in
1901.   The good faith of the defendant in error in his
purchase of the land is not disputed.

It is asserted by counsel for plaintiff in error that
the transactions between the parties, as found by the
court, having created the relation of mortgagor and
mortgagee between Holmes and Annie Archibald on

the oné part and Rand on the other, an examination of the public records by Newman would have disclosed that fact. There was nothing in the form of the bonds for deeds to indicate that they were intended as defeasances. The court below was convinced of that fact only by the aid of testimony explaining the nature of the transaction outside of and beyond what appeared from a reading of the deeds and bonds. Section 4217, General Statutes of 1901, reads:

"When a deed of real property purports to be an absolute conveyance, but is intended to be defeasible on the performance of certain conditions, such deed shall not be defeated or affected as against any person other than the grantee or his heirs or devisees, or persons having actual notice, unless an instrument of defeasance, duly executed and acknowledged, shall have been recorded in the office of the register of deeds of the county where the lands lie."

To sustain the position of plaintiff in error, we must hold that bonds for deeds, drawn in the ordinary form, are instruments of defeasance within the meaning of the statute.

There is no reference in either bond to a prior conveyance. There is no recital of indebtedness from Holmes or Annie Archibald to Rand. From the language of the bonds the right of purchase on the payment of certain sums in a stated time was given to the obligees—nothing more. (*Yost v. Bank*, 66 Kan. 605, 72 Pac. 209 ; *Weide v. Gehl*, 21 Minn. 449.)

The court below, in disposing of the case, took the position that the rights of the parties were determined by the application of the rule that where one of two parties must suffer a loss it should fall on him whose negligence or omission occasioned it, and that Holmes was in equity that negligent party because he took the wrong form of instrument to evidence the fact

that he was a mortgagor—an instrument which did not disclose the true nature of the transaction. There are other considerations in the matter which, in view of what has already been said, it is unnecessary to discuss, arising out of the neglect for over forty years on the part of plaintiff in error to assert his rights.

The application of the statutory requirements respecting the recording of instruments of defeasance, giving notice to the world of the true character of the transaction, for the protection of innocent purchasers for value, leaves plaintiff in error no ground on which to stand.

The judgment of the court below will be affirmed.

All the Justices concurring.