GEORGE W. MILLER

*v.*

HETTY H. R. GREEN.

*Filed at Ottawa October 31, 1891.*

WARRANTY DEED—*whether a mortgage.* In this case the complainant gave the defendant two deeds of trust, on two tracts of land of twenty acres each, to secure two notes, of $7000 each. On September 10, 1877, the complainant and wife, by warranty deed, conveyed these lands to defendant for the expressed consideration of $20,000, which was about the sum due under the deeds of trust. Complainant being indebted to defendant in another note of $7000, secured by trust deed on another twenty acres of land, on September 24, 1877, made his warranty deed to defendant for $10,000. On December 7, 1877, this last deed was recorded, and complainant's notes and deeds of trust delivered to him. The lands were not worth anything more than the incumbrances thereon. Thirteen years afterward complainant filed his bill to have his first deed declared a mortgage, claiming that his last deed was made in satisfaction of both notes: *Held,* that under the facts the bill was properly dismissed for want of equity.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. C. H. WILLETT, for the appellant.

Messrs. BISBEE & AHRENS, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was a bill filed in the Superior Court of Cook county on the 10th day of January, 1890, by appellant, against ap-

pellee, the prayer of which was, that he be allowed to redeem certain real estate therein described. A hearing was had on the bill, answers, replications and proofs, and a decree entered dismissing the bill at complainant's costs. This appeal is from a judgment of affirmance of that decree by the Appellate Court.

The following facts stated in the opinion of the Appellate Court appear from the pleadings and proofs, and are not controverted:

Appellant was indebted to appellee Hetty R. Green in two principal notes, for $7000 each, and certain interest coupon notes, each of said principal notes, and the interest notes belonging thereto, being secured on separate twenty-acre tracts of land, (each situated in section 20, township 38 north, range 14,) by proper trust deeds. In the fall of 1877, said principal notes being due, appellant proposed to convey to said appellee the said two twenty-acre tracts of land in full payment of the indebtedness secured thereon. After some negotiations appellee agreed to receive a conveyance of said land and to cancel the notes secured thereon, and on September 10, 1877, appellant conveyed to her, by warranty deed of that date, the said two tracts of land for a stated consideration of $20,000, which was about the amount of indebtedness and accrued interest and taxes on the property up to that date. This deed was delivered to Peabody, agent of appellee, and was by him on said day of its date filed for record in the recorder's office. Appellant's notes were not delivered up to him at that time. Appellant was at the same time indebted to said appellee upon another principal note for $7000, and certain interest coupons, which were secured upon a certain other twenty acres of land situate in the same section and township, and on September 24, 1877, he executed to said appellee a warranty deed of said last mentioned twenty acres for the expressed consideration of $10,000, and delivered the same to Peabody under the following written statement:

"George W. Miller and wife have executed a deed of this date, conveying to Hetty H. R. Green the N. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of section 20, town 38 north, range 14 east, in Cook Co., Ill., which is placed in the hands of F. B. Peabody, to be delivered to said Green, unless said George shall, on or before September 25, 1877, pay to said Hetty $42.15, being costs of advertising trustee's sale of said property.

(Signed)                    Geo. W. Miller,
                            Caroline K. Miller."

Appellant paid the sum of money mentioned in said writing, and its payment was acknowledged by Peabody on the foot of the writing, under date of September 25, 1877, but the deed was retained in the hands of Peabody, and on December 7, 1877, the following writings were executed by the appellant and appellee, and delivered to Peabody:

"Chicago, *December 7, 1877.*
"*Francis B. Peabody & Co.:*

"Gentlemen—Please deliver to Mrs. Hetty H. R. Green the deed executed by me and my wife, dated September 24, 1877, conveying to said Hetty H. R. Green the N. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of section 20, in township 38 north, range 14, east of the third principal meridian, upon her authorizing you (in the event that a continuation of the abstract of title to said premises shall show that I have made no conveyance or incumbrance thereon since the recording of the trust deed made by me and my wife to B. E. Gallup, recorded in the recorder's office of Cook county, Illinois, in book 54 of records, at page 115,) to cancel and deliver to me the principal note and unpaid interest coupons described in said trust deed, and also the principal note and unpaid interest coupons mentioned in two other trust deeds made by me and my wife to B. E. Gallup, and recorded in said recorder's office in book 54 of records, at pages 113 and 114, respectively.                    Geo. W. Miller."

"CHICAGO, *December 7, 1877.*

"*To Francis B. Peabody & Co.:*

"GENTS—If a continuation of the abstract of title to the N. ½. of S. E. ¼ of S. E. ¼ of section 20, township 38 north, range 14, east of the third principal meridian, from the date of recording the trust deed of G. W. Miller and wife to B. E. Gallup,. recorded in Cook county, Illinois, recorder's office, in book 54 of records, at page 115, to this date, shall show G. W. Miller has made no conveyance or incumbrance on said premises since the recording of said trust deed, you are hereby author-ized to cancel and deliver to said Miller the principal and unpaid interest coupons described in said trust deed, and also the principal notes and unpaid interest coupons mentioned in. two other trust deeds made by said Miller and wife to B. E.. Gallup, and recorded in said recorder's office in book 54 of records, at pages 113 and 114, respectively.

HETTY H. R. GREEN."

The deed of September 24 was delivered to appellee about December 7, 1877, and by her or her agent placed on record.. The theory of the amended bill is, that the deed of September 10, 1877, was but a mortgage, to secure the payment of the indebtedness mentioned in the trust deeds, on the premises conveyed, and which was paid off December 7, 1877, by the delivery of the deed executed September 24. This theory is wholly inconsistent with the original bill, the allegation on which the right to redeem is there based being, that "finding the burden (of trust deeds) too onerous in midst of hard times following the panic of September, 1873, entered into negotiations with said Green in Chicago, in fall of 1877, relative to said indebtedness, which negotiations culminated in a proposition, accepted by said Green, to convey to her said land for orator's indebtedness upon it, Green to release said trust deeds. and surrender to your orator said judgment notes. In pursuance of said agreement orator gave in escrow to said Peabody his warranty deed to said Green. The consideration men--

tioned in said deed, $20,000, was the amount of said judg-- ment notes, interest and taxes to date, September 10, 1877. Said deed was to be delivered by Peabody, when Green, within reasonable time, delivered to orator his said notes, with release· of said trust deeds; that Peabody, regardless of said escrow and terms, recorded said deed same day as the date thereof; that said Green has never released said trust deeds and delivered to orator said notes, but refused to do so, though often requested, and retains said deeds and notes; has never discharged and released them; failed and neglected to execute said agreement, *so said deeds and notes are in force; orator has: right to redeem said lands conveyed to secure said indebtedness, and his equity of redemption exists as when said deeds were first· executed.*" And the prayer being, "that said deed placed in escrow with Peabody be declared a mortgage, and complainant allowed to redeem from said trust deed by paying judgment notes and taxes, with interest, and upon payment thereof said Green be required to surrender his notes and trust deeds, to be released by said trustee, Gallup."

Appellee meets the allegations of the original bill by saying· she complied on her part with the agreement therein alleged,. and that the trust deeds on the premises in question, and the· indebtedness secured by them, were fully paid off and satisfied by the deed of September 10, 1877. Consistent with this position she insists that the deed dated September 24 and delivered December 7, 1877, in pursuance of directions by the: respective parties, to Peabody, was in no sense a payment of any other indebtedness than that secured by the trust deed upon the twenty-acre tract conveyed, and the notes and unpaid interest coupons mentioned in the trust deeds upon the. land now sought to be redeemed, because they had been already paid.

The Superior Court was clearly right in holding the evidence· insufficient to support the bill. We think it clear, from a consideration of all the testimony, that the parties intended the:

incumbrance on the land in question to be satisfied by the deed
of September 10, 1877. The conduct of both parties since
the making of that deed has been wholly inconsistent with any
other understanding. We do not regard the documentary evidence as contradictory of this conclusion. The fact that the
letters of the respective parties dated December 7, 1877, directed Peabody to cancel and deliver up the notes mentioned
in the two trust deeds on this land, considered in connection
with what had gone before, does not prove that those notes
were to be paid by the delivery of the deed of September 24.
The fact that no provision or direction was given in those
letters to cancel the deed of September 10, and that for more
than thirteen years appellant suffered that deed to remain
unquestioned, is very strong proof that he knew his right to
the surrender of those notes depended upon its remaining in
force. During all those years appellee treated the property
as her own, paying all taxes and other charges against it.

We also concur in the conclusion reached by the Appellate
Court that at the time appellant made the different conveyances to appellee, Green, the property was scarcely worth the
amount secured upon it, and could not have been sold in the
market for that amount, and this fact strongly tends to prove
that one-third of the mortgaged premises would not have been
taken in full payment of the whole indebtedness. We find
nothing in the record to justify the claim that undue and
oppressive influences were used by appellee in procuring said
deeds of conveyance.

On the evidence in this record no other decree than that
rendered by the Superior Court could have been sustained,
and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*