| 66 | 605 |
| 68 | 420 |

I. M. YOST v. THE FIRST NATIONAL BANK OF HAYS CITY.

**No. 13,038.**  (72 Pac. 209.)

SYLLABUS BY THE COURT.

CONVEYANCE— *Transaction Held a Conditional Sale.*  When the grantor and grantee in a deed of general warranty intend, at the time of its execution and delivery, that it shall operate as a conveyance of the property, and not as a security for an existing debt, and the grantor receives from the grantee a bond conditioned for a reconveyance of the property upon payment of a sum therein specified within a time fixed, at the option of the grantor, the transaction will be held a conditional sale and not a mortgage.

Error from Ellis district court ; LEE MONROE, judge. Opinion filed April 11, 1903.   Reversed.

*A. D. Gilkeson*, for plaintiff in error.

*W. E. Saum*, for defendant in error.

The opinion of the court was delivered by

POLLOCK, J. : Byron £. Edwards was the owner of a quarter-section of land in Ellis county, encumbered by a mortgage of $650 and interest thereon, merged in a decree by foreclosure proceedings.   On the 24th day of March, 1899, Edwards and wife made, executed

and delivered to plaintiff in error their warranty deed covering the property in controversy, in consideration of which plaintiff in error paid the judgment lien and took an assignment thereof. On the same day plaintiff in error executed, acknowledged and delivered to Edwards the following bond for a deed :

"THIS AGREEMENT, MADE this 24th day of March, A. D. 1899, by and between I. M. Yost, of Hays City, Kansas, party of the first part, and Byron S. Edwards, party of the second part,

"WITNESSETH : The said I. M. Yost hereby agrees to deed by warranty deed, at any time within two years from the date hereof, the following-described real estate, located and situated in the county of Ellis and state of Kansas, to wit : The southwest quarter sec. 24 in township twelve (12) south, range eighteen (18) west 6th P. M. (S. W. 4–24 T. 12 S. R. 18 W.), to the said Byron S. Edwards, his heirs, or assigns, on the payment to the said Yost, his heirs, or assigns, the sum of seven hundred and fifty dollars, and any and all notes due said I. M. Yost, with interest to date of payment. At the expiration of said two years this agreement and bond to be null and void.

"And the said I. M. Yost hereby binds himself and his heirs to the said Byron S. Edwards, his heirs or assigns, in the sum of one thousand (1000) dollars to faithfully carry out this contract and deed the land as agreed, provided the said Byron S. Edwards, his heirs or assigns, have fulfilled their every part of this contract.

"IN WITNESS WHEREOF, Said party of the first part has hereunto set his hand and seal the day and year first above mentioned.          I. M. YOST."

On the 20th day of September, 1899, defendant in error recovered a judgment against Edwards and wife in the district court of Ellis county in the sum of $1337.70, upon which execution issued and was returned *nulla bona.* On the 12th day of June, 1900, plaintiff in error entered into a contract to convey the

property in dispute to Peter and Alois Karlin for the sum of $1075, to the making of which contract Edwards executed his consent in writing, as follows :

"HAYS CITY, KAN., June 13, 1900.
"I hereby waive the conditions of a certain agreement affecting my rights as provided for by agreement of March 24, 1899, and I hereby agree to this sale.
B. S. EDWARDS."

This action was commenced on the 30th day of July, 1900, by the bank against Edwards and wife, plaintiff in error, and others, to subject the equity of Edwards and wife in this and other lands to the payment of its judgment.   A trial resulted in a decree in favor of the bank, declaring the deed held by plaintiff in error a mortgage, ordering a sale of the property to be made, and the proceeds in excess of $650, and interest thereon, paid by Yost to the owner of the decree in the foreclosure action, to be applied to the payment of costs and satisfaction of the bank's judgment. Yost brings error.

The sole question in this case is, Was the transaction between plaintiff in error and Edwards, as evidenced by the warranty deed, and bond for deed, a mortgage or a conditional sale ?   If the legal effect of this transaction was a mortgage, Edwards had an equity of redemption in the property which was lawfully subjected to the payment of the judgment of the bank.   If a conditional sale, Edwards had no equity of redemption in the property and his waiver of the right to purchase under the terms of his bond for a deed, and his consent to a sale of the premises by plaintiff in error, operated to terminate his rights under the contract with plaintiff in error.   In other words, if the deed from Edwards and wife to plaintiff in error was in fact a mortgage, plaintiff in error ac-

quired no title to the property, but if in fact this deed was a conveyance of the property by Edwards and wife to plaintiff in error, Edwards had no equity of redemption remaining in the property subject to levy and sale. While the fact that plaintiff in error took an assignment of the judgment in foreclosure, instead of obtaining its cancelation, would tend to show this transaction to be a mortgage (*Armor v. Spalding*, 14 Colo. 302, 23 Pac. 789 ; *Darst v. Murphy et al.*, 119 Ill. 343, 9 N. E. 887 ; *Wright v. Mahaffey*, 76 Iowa, 96, 40 N. W. 112 ), yet this evidence of itself is not sufficient to establish the character of the transaction. (*Miller v. Green*, 138 Ill. 565, 28 N. E. 837.)

An examination of the record shows that both plaintiff in error and Edwards testified that the transaction was a sale of the property and not a mortgage. It is a settled rule of law that the intent of the parties to a deed, absolute in form, at the time it is executed and delivered, must govern, and that the rights of the parties must be mutual. In the case at bar, if it is in the power of Edwards or his judgment creditor to insist upon the transaction as a mortgage and not a conveyance, the plaintiff in error must have the corresponding right to compel payment of an existing indebtedness from Edwards and the foreclosure of the deed as a mortgage given to secure such indebtedness. In other words, if no debt exists after such transaction there can be no mortgage, because a mortgage in this state is merely an incident to a debt. This doctrine has often been declared by this court as the true test of the legal effect of such transaction. (*McNamara v. Culver*, 22 Kan. 661 ; *Eckert v. McBee*, 27 id. 232 ; *Elston v. Chamberlain*, 41 id. 354, 21 Pac. 259.)

From an examination of the evidence found in the record, and a consideration of the legal effect of the con-

tract between Edwards and plaintiff in error, we are persuaded that the evident intention of the parties to the transaction at the time it occurred was that the deed should operate as a conveyance, and that no enforceable debt from Edwards to plaintiff in error should or did remain. By the plain terms of the bond for a deed Edwards contracted for a conveyance from plaintiff in error in the event he should pay the purchase-price within two years from the date of such agreement. This right to purchase, however, was at the option of Edwards, alone, and not enforceable by plaintiff in error. On the other hand, plaintiff in error, by this bond for a deed, obligated himself to convey title to Edwards in the event the conditions of the bond were met, a title which he would not take and could not convey, had the deed been intended as a mortgage. This option to purchase being released by Edwards, it terminated the obligation of the contract, and Edwards and wife had no equity remaining in the property at the commencement of this action.

It follows that the judgment must be reversed, with instructions to proceed further in accordance with this opinion.

All the Justices concurring.