Martin v. Allen.

ALBERT MARTIN *et al.* v. JAMES L. ALLEN *et al.*
SANFORD MARTIN *et al.* v. JAMES L. ALLEN, *Trustee.*

No. 13,287.    (74 Pac. 249.)

SYLLABUS BY THE COURT.

1. CONVEYANCE—*Not an Equitable Mortgage.* A warranty deed and a contract given back by the grantee to the grantor, by the terms of which the latter was given three years to redeem the land, examined, and held to be a sale with the right to repurchase, and not a mortgage.

2. LANDLORD AND TENANT—*Liability of Tenant by Sufferance.* The common-law rule that a tenant by sufferance is not liable for rents and profits has been abrogated by statute in this state. (Gen. Stat. 1901, § 3864.)

Error from Doniphan district court; ALBERT PERRY, judge *pro tem.* Opinion filed November 7, 1903. Affirmed.

STATEMENT.

ON April 30, 1895, James H. Martin was the owner of, and in possession of, eighty acres of farming land. On that date he and his wife executed and delivered to David Allen, the father of defendant in error, a warranty deed to the property, subject to a mortgage of $929.86 to J. P. Warren, a judgment for $224.49 in favor of Mary Martin, and the taxes for 1894, all of which the grantee assumed to pay. On the same day David Allen made and delivered to Martin a written instrument in which the mortgage on the land to Julia P. Warren was mentioned, also the judgment against Martin, which was a lien on the land, and the unpaid taxes, amounting in all to $1206. The writing contained the following:

"Now, David Allen assumes the payment of the whole of said sum from this date, and the same is to bear ten per cent. interest from this date, interest payable an-

nually, and if not so paid to become as principal. Now, in order to meet said claim and to pay it off to said David Allen, the said Jas. H. Martin and Selah Martin, his wife, have this day executed and delivered to him a deed for the said west half of the southwest quarter of section one (1), township two (2) south, of range nineteen (19), and the said David Allen hereby covenants, agrees and binds himself that said Jas. H. Martin and·Selah Martin, his wife, or either of them, or the survivor of them, shall have three years within which to redeem said land by paying said sum of $1206, and the interest thereon as hereinbefore set forth.   And at any time within such limit, as time is made the essence of this contract, they, or either of aforesaid parties, Jas. H. Martin and Selah Martin, pay to him said sum and the interest thereon then due and all taxes which he may have paid on said land, with like interest thereon, the said David Allen agrees and binds himself to convey said lands to whomever they, the said Martins, or either of them, shall designate.   During the said limit of time the said Martins are to have peaceable, quiet and undisputed possession of said farm and control of the same, without any interruption from said David Allen."

James H. Martin and wife, after the conveyance to Allen, deeded the south half of the land to plaintiff in error, Albert Martin, with covenants of warranty "except as to a mortgage deed in favor of David Allen"; the other half they conveyed to Sanford Martin, plaintiff in error.   James H. Martin died in April, 1900.

This was an action in ejectment, brought by James L. Allen, trustee of the estate of David Allen, to recover the possession of the land from Albert and Sanford Martin and their tenants.   Defendants below asserted in defense of the action that David Allen, by the deed and contract given back to Martin, was a mortgagee only, having merely a lien on the land.   A jury was waived and the case tried before the court.

The eleventh and twelfth conclusions of fact, which are the most material, read:

"11. That at the making of the deed to David Allen by James H. Martin and wife and the making of the contract by David Allen to James H. Martin and Selah Martin they were not indebted to David Allen nor did they become indebted to David Allen in any sum by reason of said transaction; that they made no contract or promise to David Allen to pay any of the sums of money which was the consideration of said deed by them to David Allen; that James H. Martin nor Selah Martin nor neither of them on the completion of said transaction became indebted to David Allen.

"12. That the said James H. Martin occupied the said eighty acres of land in dispute until his death. He occupied it after April 30, 1898, by the sufferance of David Allen, and after his death and before the commencement of these suits by the sufferance of the heirs of David Allen, the plaintiff and those he represents."

Judgment was entered against defendants below for the possession of the land, and for rents and profits. They have come to this court by proceedings in error.

*A. S. Brewster,* and *S. M. Brewster,* for plaintiffs in error.

*B. A. Seaver, James L. Allen,* and *J. J. Baker,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: It is contended by counsel representing plaintiffs in error that the deed from James H. Martin to David Allen, and the contract given back by the latter to Martin, when considered together, constituted a mortgage. We think otherwise. The deed to Allen recites that the land is encumbered by a mortgage, a judgment, and unpaid taxes. Neither the

mortgage nor judgment appears from the writings to have been owned or held by Allen. In the agreement Allen assumed the payment of these encumbrances and the taxes, which amounted in the aggregate to $1206. The agreement recites that "now, in order to meet said claim and to pay it off to said David Allen," Martin and wife have executed the deed. It is further provided that Martin should have three years in which to redeem the land by paying said sum of $1206, time being of the essence of the contract.

The test in such cases is whether the grantor in the deed sustains the relation of a debtor to the grantee. (*McNamara v. Culver*, 22 Kan. 661.) In the present case could the grantee, David Allen, at the expiration of the three years which was given the grantor to pay, have successfully prosecuted an action against the latter to recover the $1206 and interest? We think not. The contract between the parties negatives the existence of a debt. After the execution of the deed and contract they did not sustain the relation of debtor and creditor toward each other. The agreement expressly states that the deed to Allen was executed and delivered to him to "meet said claim and to pay it off." The deed was given in satisfaction of the debt, computed to amount to $1206. The facts are very like those in the case of *McNamara v. Culver*, supra.

Parol evidence was admitted by the court to arrive at the intention of the parties, and the circumstances of the transaction were considered. The testimony was conflicting. Counsel for plaintiffs in error point out certain facts tending to show that Allen's conduct and admissions were indicative that he stood in the attitude of a mortgagee, and that Martin regarded him as such. If uncontradicted, such evidence might have compelled a different result in the court below or here.

The finding of the trial court is conclusive on the disputed questions.

It is contended that defendants below being tenants by sufferance no judgments for rents and profits of the land could lawfully be rendered against them. The common-law rule has been abrogated by statute in this state. (Gen. Stat. 1901, § 3864.)

The judgment of the court below will be affirmed.

All the Justices concurring.