A. H. FABRIQUE *et al.* v. THE CHEROKEE & PITTS-
BURG COAL AND MINING COMPANY *et al.*

No. 13,764.   (77 Pac. 584.)

SYLLABUS BY THE COURT.

CONVEYANCE— *When a Deed is a Mortgage.* A mortgage is a de-
feasible conveyance to secure the payment of a debt. Where
there is no continuing debt, the execution of a deed with a simul-
taneous contract to reconvey upon the payment of certain sums
of money by the grantor to the grantee within a specified time
the payment of which is optional with the grantor, is a condi-
tional sale and not a mortgage.

Error from Sedgwick district court; D. M. DALE,
judge.   Opinion filed July 7, 1904.   Affirmed.

*C. V. Ferguson,* for plaintiffs in error.

*A. A. Hurd,* and *O. J. Wood,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.: This was an action to have a certain
deed and contract declared to be a mortgage, to as-
certain the amount due the defendant thereon, and to
have the premises sold to satisfy the amount so found
due in case it should not be paid within a time speci-
fied by the court. The defendant filed a general
demurrer to the petition, which was overruled. On
the trial it objected to the introduction of any evi-
dence under the petition. This objection was sus-
tained and judgment rendered for defendant for
costs.   Plaintiff brings error.

The petition shows the following material facts:
In 1892 L. G. Scheetz was the owner of lots 113 and
115 on Douglas avenue, in Griffenstein's addition to
the city of Wichita.   While such owner he undertook
to construct thereon a three-story brick and stone

building, according to the plans and specifications referred to in the agreement. After performing some portion of the work he became greatly involved for material and labor, and among his creditors was L. C. Jackson, to whom he executed a mortgage on this property for $4800. This mortgage was assigned to defendant and, at the time of the agreement hereinafter set out, had been foreclosed and the premises ordered sold. The property had also been deeded for taxes, the amount of which was about $1200. By reason of his indebtedness Scheetz was compelled to suspend the construction of this building.

On September 28, 1897, Scheetz executed a warranty deed of the property to defendant. On September 21, 1897, the parties entered into the following agreement:

"This contract, made and entered into on this 21st day of September, 1897, by and between the Cherokee & Pittsburg Coal and Mining Company, a corporation, party of the first part, and L. G. Scheetz, party of the second part,

"WITNESSETH : That whereas the party of the first part is the owner in fee simple of the following-described real estate, situated in the county of Sedgwick and state of Kansas, to wit: Lots Nos. 113 and 115 on Douglas avenue, in Griffenstein's addition to the city of Wichita, Kan. ;

"AND WHEREAS, there is situated upon said real estate a stone foundation and partly constructed brick walls for a three-story brick building thereon, the construction of which building has heretofore been undertaken and commenced by the party of the second part for and on behalf of Jacob Scheetz ;

"AND WHEREAS, the party of the first part desires, at as early date as it can profitably do so, to sell the above-described real estate, and the party of the second part desires, as soon as he can arrange to do so, to purchase said real estate ;

"And Whereas, in the meantime it is desired by both parties to this agreement that the said building, the construction of which has heretofore been commenced upon said property, be completed according to the original plans and specifications prepared by E. Dumont, an architect, and in pursuance of which the construction of said building has heretofore been commenced :

"Now, Therefore, the party of the first part agrees to proceed with the construction of said building, according to said original plans and specifications without unnecessary delay.

"Said specifications and plans may be altered by the agreement of the parties hereto ; and to keep a correct account of all moneys expended and paid out in construction and completion of said building. The party of the first part further agrees to sell and convey said real estate to the party of the second part or to his assigns at any time within two years from this date, upon the payment to the party of the first part by the party of the second part or his assigns the following-named sums, with interest from the time hereinafter stated, to wit :

"1st. The sum of four thousand eight hundred and ninety-seven and $\frac{48}{100}$ ($4897.48) dollars, with interest from the 10th day of January, 1897, at the rate of nine per cent. (9%) per annum, until the date of such payment.

"2d. The sum of five hundred twenty ($520) dollars, with interest thereon at the rate of nine per cent. (9%) per annum from the 29th day of May, 1897, until the time of such payment.

"3d. The sum of twelve hundred and forty ($1240) dollars, with interest thereon at the rate of nine per cent. (9%) per annum from the 17th day of August, 1897, until paid.

"4th. The sum of three hundred and seventy-two and $\frac{32}{100}$ ($372.32) dollars, with interest thereon at the rate of nine per cent. (9%) per annum from the 30th day of August, 1897 ; and also such other and further sums of money which the party of the first part may hereafter pay out or expend in the con-

struction and completion of the said building upon said real estate, with interest thereon at the rate of nine per cent. (9%) per annum from the time when such sum or sums shall be paid out until the date of the payment of such sum or sums from the party of the second part to the party of the first part; and such further sums also as the party of the first part may hereafter expend or pay out for taxes, insurance and repairs upon said property, together with nine per cent. (9%) interest on said sum or sums from the date when the same shall be paid out or expended until the date when paid to the party of the first part by the party of the second part. That if the party of the second part or his assigns at any time within the above-named period shall purchase said property from the party of the first part upon the terms hereinbefore mentioned, then the party of the second part or his assigns shall receive credit on the amount which is to be paid according to the terms hereinbefore set forth for all income, without commissions for renting or otherwise caring for or handling the property or constructing said building, which the party of the first part shall receive from said property between now and the date when the party of the second part shall purchase said property and make the payments therefor as hereinbefore mentioned, which credits shall be made of dates when said income is received.

"It is expressly understood and agreed that time is of the essence of this contract and that unless the party of the second part shall fully comply with the terms of this agreement on or before two years from this date, then all the rights of the party of the second part under this contract shall cease and be determined, and the same shall thereafter have no binding force and effect."

It is alleged that said deed was executed to the grantees in pursuance of the agreement above quoted to secure the amount then owing by Scheetz for the improvements upon said lots, and for money to be ad-

vanced for the completion of the building ; that the company agreed to reconvey said property to Scheetz whenever these sums should be paid, and that the deed was intended only as a mortgage. In October, 1900, Scheetz assigned to these plaintiffs all his right, title and interest in and to said agreement, and to the lots described, and it is also alleged that they were the owners of the property, and that defendant company has refused to account to them for any of the money received for rents and profits. The only question to be determined is, Does the deed, together with the contract, constitute a mortgage, or only a conveyance with a contract to reconvey? The court concluded that it was a conveyance with a contract to . reconvey and not a mortgage.

The test in determining whether an absolute conveyance with a separate agreement to reconvey, executed simultaneously, constitutes a mortgage is whether the relation of debtor and creditor continues to exist.

At page 163 (note d ) of volume 4 of the fourteenth edition of Kent's Commentaries, the rule is stated as follows :

"The test of the distinction is this : If the relation of debtor and creditor remains, and a debt still subsists, it is a mortgage ; but if the debt be extinguished by the agreement of the parties, . . . and the grantor has the privilege of refunding, if he pleases, by a given time, and thereby entitle himself to a reconveyance, it is a conditional sale."

This is the test adopted by this court in *McDonald & Co. v. Kellogg, Trustee,* 30 Kan. 170, 2 Pac. 507 ; *Elston v. Chamberlain,* 41 id. 354, 21 Pac. 259 ; *McNamara v. Culver,* 22 id. 661 ; *Martin v. Allen,* 67 id. 758, 74 Pac. 249.

Applying this test to the present transaction, it

47—69 KAN.

cannot be construed into a mortgage. Scheetz was not liable to the coal company for any of the debts assumed and paid by it. He did not agree to pay such debts, nor did he agree to pay any of the expense of completing the building. An action could not have been maintained by the coal company against Scheetz to recover any of such amounts. The contract amounted to nothing more than an option by which defendants agreed to sell to Scheetz within a certain time, upon his compliance with the specified conditions. There was no room for oral evidence in the interpretation of the agreement, or in arriving at the intention of the parties. Such intention was plainly expressed in the contract.

The judgment of the court below is affirmed.

All the Justices concurring.