J. W. SAYLOR et al., *Appellants,* v. EDWIN R. CROOKER,
et al., *Appellees.*

No. 17,870.

SYLLABUS BY THE COURT.

1. DEED—*Absolute in Form—May be Shown by Parol Evidence
to be a Mortgage.* An instrument in writing which purports.
on its face to be an absolute deed of conveyance of land may
be shown by parol evidence to have been executed for the pur-
pose of securing the payment of money or to secure the per-
formance of any act or thing which the parties to the instru-
ment may lawfully contract to be performed or done.

2. PETITION—*To Have Deed Declared a Mortgage—Not Demur-
rable.* In an action to have a deed declared a mortgage and
canceled, a petition which alleges that an instrument, in the
form of a deed, was intended by all parties as a mortgage to
secure payment to one of the grantees of fifty per cent of
his sales under verbal contract, that one of the grantees would
and did enter into the business of selling an article of com-
merce and did thereby incur an indebtedness or obligation to
the mortgagor, which obligation the mortgagor had dis-
charged, is not demurrable as not stating sufficient facts to
constitute a cause of action.

Appeal from Labette district court. Opinion filed
March 8, 1913. Reversed.

*W. S. Hyatt, W. W. Brown,* and *John Madden,* all of
Parsons, for the appellants.

*C. E. Pile, W. B. Glasse,* and *E. L. Burton,* all of Par-
sons, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This action was brought by the appel-
lants against Edwin R. Crooker, Geo. W. Moore, and
L. H. Jackson, as sheriff of Labette county. The first
count of the petition alleges, in substance, that the
appellants were at the time of the filing of the petition,
and during all times therein referred to, the legal own-
ers in fee and in the open, notorious and exclusive pos-

session of a certain part of lot 4, block 160, in the city of Parsons, Labette county; that the appellants had executed to appellees Crooker and Moore an instrument in writing purporting to be a deed of conveyance of the part of the lot in consideration of $2750; that in fact the instrument was, and was intended by all the parties thereto to be, a mortgage to secure the payment to Crooker of fifty per cent of the proceeds of the sale of the "Little Crater Crude Oil Burner"; that J. W. Saylor and one Tinder, having theretofore entered into a written contract with Crooker to buy an agency contract for the sale of interests in the patent right to the "Little Crater Oil Burner," had agreed to pay upon the purchase price thereof fifty per cent of the amount received from such sales of the right. It was also alleged that J. W. Saylor had, prior to the making of the mortgage deed, made a verbal contract with Crooker that he would engage in the business of selling family rights to the burner, and that upon the representation of Crooker that Moore was interested in the agency contract, the mortgage deed was executed by appellants to Crooker and Moore to secure the performance of the contract on Saylor's part.

The petition, in the first count thereof, further alleges that J. W. Saylor had engaged in the business of selling the burner rights, had made certain sales thereunder and had paid to Crooker all that he was obligated to pay under such verbal contract, and that the mortgage deed was thereby fully satisfied, and that the appellants were entitled to the cancellation thereof or a reconveyance of the property by a quitclaim deed.

Also, it is alleged:

"That the defendant, Thomas H. Murray, instituted an action against Edwin R. Crooker in the District Court of Labette County, Kansas, Sitting at Parsons on or about April 12, 1909, and on or about the 16th day of April of said year caused an order of attachment to issue out of said Court directed to the Sheriff of said County, commanding him to attach and safely

keep the lands, tenements, chattels, moneys and effects of Edwin R. Crooker not exempt by law to be applied to the payment of the claim of the said Thomas H. Murray for $3000; that under said order the Sheriff of said County attached the land of these plaintiffs hereinbefore described, and the same was appraised at $2,250; that on the 20th day of May, 1911, a judgment was rendered by said Court against said Edwin R. Crooker and in favor of the said Thomas H. Murray for $3,375, together with costs and declaring the same a lien under the attachment proceedings on the said described real estate, and ordering that said real estate be sold as on execution to satisfy said judgment so rendered against Edwin R. Crooker. That in pursuance of said order L. H. Jackson, as Sheriff of Labette County, Kansas, and successor in office of J. A. Holmes has advertised and is threatening to and will sell said real estate unless restrained and enjoined from so doing by order of this Court."

The second count in the petition, as to the allegation of the possession of the real estate, is inconsistent with the allegations of the first count.

The third count contains practically nothing that is not contained in the first count.

The court finds that due service was made upon appellee Crooker by publication, and the notice thereby is approved. Such service is authorized in an action of this nature by section 48 of the code.

There is no finding with reference to Moore, and neither Moore nor Crooker made any appearance in the action.

Murray and Jackson each filed general demurrers to the several counts of the petition. The first count of the petition constitutes the gist of the action, and although the cause of action is not well pleaded, by a liberal construction it states a cause of action against all of the appellees. The demurrers thereto should have been overruled.

If Crooker had a mortgage, only, upon the property, the property was not subject to attachment in an action by Murray against Crooker, and if Murray had no

legal attachment against the property, the sheriff, Jackson, had no right to sell it. It thus appears that the entire action and rights of the parties depend upon the question whether the instrument purporting to be a deed executed by appellants to appellees Crooker and Moore was intended and was in fact a deed of conveyance of the title to the land, indefeasible, or whether it was intended and was in fact a mortgage to secure the performance of the contract of J. W. Saylor that he would engage in the business of selling interests in the patent to the "Little Crater Crude Oil Burner," and would pay Crooker whatever he was entitled to out of the anticipated sales thereof according to the contract. That an instrument purporting to be an absolute deed of conveyance may be shown by oral evidence to have been intended as security for the payment of money or the performance of an act is, in effect, implied by statute (Gen. Stat. 1909, § 5195), and has frequently been so decided by this and other courts. (See *McNamara v. Culver,* 22 Kan. 661; *Yost v. Bank,* 66 Kan. 605, 72 Pac. 209; *Martin v. Allen,* 67 Kan. 758, 74 Pac. 249; *Hubbard v. Cheney,* 76 Kan. 222, 91 Pac. 249, 123 Am. St. Rep. 129, 133, note.)

It appears from the petition that all the rights of Murray and Jackson depend upon the title in Crooker to the property in question, and by the interplea of appellants in the action brought by them against Crooker, they had actual notice of appellants' rights therein. It also appears from the journal entry of the judgment that the motion of the appellants for judgment against Crooker was overruled upon the objection of Murray and Jackson who, so far as appears, in no way represented Crooker, and "for the reason that defendant Murray, an attaching and now judgment creditor of defendant Crooker, claims a lien on said property as such creditor." This also was error.

In the absence of fraud a debtor of one of the grantees in the deed can obtain no lien upon the premises

by attachment in an action against such grantees, if the deed was in fact intended by the parties thereto, and was in fact given, only as a security for the performance of a contract and for the payment of anticipated profits therein to one of the grantees.

The judgment is reversed, and the case is remanded with instructions to proceed with the trial after allowing any proper amendments to the pleading and summoning the other party to the deed or mortgage, if desired.