No. 19,973.

HIRAM C. ROOT, *Appellant*, V. F. E. WEAR et al. (THE KAW RIVER SAND COMPANY et al., *Appellees*).

SYLLABUS BY THE COURT.

1. CORPORATION—*Existence Can Not be Collaterally Questioned by Private Parties.* Whether a corporation which is fully organized and whose existence has been recognized is entitled to do business and exercise its corporate franchises, because of its failure to make annual reports or to observe other statutory requirements, can not be collaterally drawn in question by private parties.

2. CORPORATION—*Title to Corporate Property after Corporation Dissolves or Becomes Defunct.* The land belonging to a corporation does not revert to its grantor when it is dissolved or becomes defunct, but unless a receiver is appointed, the last board of directors or managers of its affairs become trustees of the creditors and stockholders of the corporation to settle its affairs and collect its credits, and after paying its debts to make distribution of any remaining money and property among the stockholders, and to that end they may maintain or defend any judicial proceeding.

3. DEED—*Absolute on Face — Contemporaneous Written Agreement to Reconvey—Whether Deed Was Absolute or a Mortgage—Question of Fact.* Whether a conveyance of land absolute in form which was executed at the same time as an agreement between the parties that the grantee should reconvey the land to the grantor for a specified consideration within a stated time constitutes a conveyance or only a mortgage depends upon the intention and understanding of the parties when the instruments were executed, and the controlling test is whether the grantor sustains the relation of debtor to the grantee.

4. SAME—*Findings Sustained by Evidence.* The evidence examined and found to be sufficient to sustain the finding of the court that the deed in question was not intended by the parties to be a mortgage.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed June 10, 1916. Affirmed.

*W. R. Hazen,* and *Hiram C. Root,* both of Topeka, for the appellant.

*J. B. Larimer,* of Topeka, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by Hiram C. Root to recover from the Kaw River Sand Company and others

a small tract of land bordering on the Kansas river. On July 12, 1900, Root executed a warranty deed purporting to convey the absolute title of the tract to F. E. Wear for a consideration of $500. At the same time Wear entered into a written agreement to the effect that if Root would pay to Wear not later than October 12, 1900, the sum of $513.75, Wear would reconvey the tract to Root, and that time was of the essence of the contract. On October 12, 1900, for a consideration of $4.25, Wear extended the option to purchase for a period of thirty days from that time, but Root did not avail himself of the option, and on November 27, 1900, Wear notified him that the option to purchase had terminated. It is contended by Root that his deed to Wear, although absolute in its terms, was given as security for a loan of $500 and that he was still the equitable owner of the tract. The defendants contend that the transaction was a conditional sale and not a mortgage. The trial court found that the agreements to repurchase were not recorded, that Root at no time paid or offered to pay any money under these agreements, that Wear was in the open and exclusive possession of the tract from the date of the deed until July 8, 1903, when he conveyed the land to the Kaw River Sand Company, and that during his ownership he had paid all the taxes levied against it. It was also found that after acquiring the land the Kaw River Sand Company made valuable improvements thereon without notice of any claim of Root or of the option given by Wear to him for a repurchase of the land. This company began improving the land in 1903, building a sand plant consisting of an engine and boiler house, tool house and other improvements at a cost of about $12,000. These improvements were made with the knowledge of Root, without objection from him and without any claim that he had any title or interest in the land, although he was frequently on the land and in consultation with the officers and employees of the company. The court concluded and adjudged that Root had no interest, estate or lien of any kind in the tract, and that the full legal and equitable title to the land was in the defendants, who constituted the last board of directors and trustees of the Kaw River Sand Company which some time before had ceased to do business. F. E. Wear made no claim of interest in the land, but the Kaw River Sand Company through its board of di-

rectors intervened and asserted ownership of the tract. The Wear Sand Company and Norman S. Wear were made defendants at the instance of the plaintiff but each disclaimed ownership or interest in the land.

The plaintiff insists that as the Kaw River Sand Company had not complied with certain legal requirements and had become defunct it had no right to appear in court nor to claim ownership of the land. The company appears to have been fully organized and to have transacted business for a time through its officers and agents, and undoubtedly had a legal existence for a number of years. Much of its business was conducted through its selling agent, The Wear Sand Company, but the fact that it acted through an agent does not affect its corporate existence. It appears to have made but one annual report to the secretary of state, and that was done in 1906. Its failure to make reports or the omission of some other duty enjoined by statute might have justified the exercise of the visitorial power of the state through the medium of the courts, but it gave the plaintiff no right to call the corporation to account for its failure to observe these or any like regulations. The legal existence of the corporation was generally recognized, and its right to do business or its corporate existence was not open to attack by the plaintiff or any other private individual. (*Railroad Co. v. Leavenworth County,* 89 Kan. 72, 130 Pac. 855; *Murdock v. Lamb,* 92 Kan. 857, 142 Pac. 961.) It appears that the corporation became defunct before the action was brought, but the expiration of its charter or the dissolution of the corporation did not cause a reversion of the land to the plaintiff or other grantors nor affect the right of the stockholders and creditors to the assets of the corporation. (*Sword v. Wickersham,* 29 Kan. 746.) When the power of a corporation to do business ceases, unless a receiver is appointed, the last board of directors are authorized to settle its affairs, pay its debts and distribute any remaining funds or property among the stockholders. (Gen. Stat. 1909, § 1760.) The trustees who intervened were the members of the last board, and they had a right to make a defense against the claims of the plaintiff.

The principal controversy in the case is whether the payment of the $500 by Wear to Root was intended as a loan, and

Root v. Wear.

whether the deed and contracts to reconvey constitute a mortgage to secure the loan. The deed as we have seen was absolute in form, and the agreement to reconvey was not in the form of a defeasance, and to establish that such a deed is a mortgage it must be shown that it was the understanding and intention of both grantor and grantee that a debt existed, and that the conveyance was only a security for the debt. (*Reeder v. Gorsuch,* 55 Kan. 553, 40 Pac. 897.) The fact that the agreement to reconvey was made at the same time that the deed was executed and that both appear to be parts of the same transaction were circumstances tending to support the theory of the plaintiff. This was supplemented by his own testimony, to the effect that he borrowed the money from Wear, and that the papers were executed with the understanding that they were to operate as security for the repayment of the loan. On the other side there is direct and circumstantial evidence that the deed was intended as an absolute conveyance, with an option to the plaintiff to repurchase within a specified time. There is evidence that Wear refused an application of the plaintiff for a loan, and that thereupon the land was sold to him for the money named as consideration with the agreement that he would reconvey within a specified time for the stated consideration. The intention of the parties and the nature of the transaction between them depends upon conflicting testimony. Oral evidence was competent for the purpose of showing the intention of the parties in the transaction. (*Saylor v. Crooker,* 89 Kan. 51, 130 Pac. 689.) There is sufficient testimony to sustain the finding of the court that, although the deed and agreement were parts of the same transaction, no debt in fact existed, and therefore the deed can not be regarded as a mortgage.

In *McNamara v. Culver,* 22 Kan. 661, it was said:

"Now that a deed and an agreement to reconvey, though separate instruments, may operate as simply a mortgage, is clear, and that they do not necessarily create one is equally clear. The test is the existence or nonexistence of a debt. And equity looks behind the form to the fact. If the transaction was intended as a loan, if there remains a debt for which the conveyance is only a security, and the collection of which may be enforced independent of the security, equity will hold it a mortgage, no matter whether the transaction is evidenced by one or two instruments. But if there be no debt, there can be no security—no mortgage." (p. 668.)

In *Yost v. Bank,* 66 Kan. 605, 72 Pac. 209, the court said:

"It is a settled rule of law that the intent of the parties to a deed, absolute in form, at the time it is executed and delivered, must govern, and that the rights of the parties must be mutual." (p. 608.)

To make it a mortgage it must appear that the plaintiff or grantor in the deed sustained the relation of debtor to Wear, and that Wear had the right to enforce the payment of the debt. The rights of the parties to the transaction must be reciprocal. There are circumstances outside of the direct testimony that indicate that the parties did not regard themselves as standing in the relation of debtor and creditor, and the finding of the court that they did not occupy that relation is well sustained by the evidence.

Other cases applying to the question of relationship and when deeds of conveyance should be treated as mortgages are, *Eckert v. McBee,* 27 Kan. 232; *Elston v. Chamberlain,* 41 Kan. 354, 21 Pac. 259; *Martin v. Allen,* 67 Kan. 758, 74 Pac. 249; *Fabrique v. Mining Co.,* 69 Kan. 733, 77 Pac. 584.

The judgment is affirmed.