No. 26,511.

M. C. CLARK, *Appellee and Appellant*, v. STANLEY W. HOWE,
*Appellant and Appellee*, et al.

### SYLLABUS BY THE COURT.

1. MORTGAGES—*Absolute Deed as Mortgage—Parol Evidence.* A deed, in form
   an absolute conveyance, may be shown by parol evidence to be a mortgage
   intended as security for a debt.

2. EXECUTION—*Enjoining Levy.* In an action to set aside a certificate of
   purchase and to enjoin the levy of an execution, various alleged errors con-
   sidered and held not to require a reversal.

Appeal from Marion district court; S. BURKHOLDER, judge *pro tem.* Opinion
filed June 12, 1926. Affirmed.

*Stanley W. Howe*, of Florence, *pro se.*
*John Madden* and *John Madden, Jr.*, both of Wichita, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to set aside a certificate of
purchase and to enjoin the sheriff from selling certain real estate in
the city of Florence. Both parties were denied relief, and both
appeal.

The facts were substantially these: On November 28, 1916, George
H. Clark, the son of the plaintiff, and Charles A. Stapleton nego-
tiated to purchase the property in controversy from J. M. Cree for
a consideration of $1,600. The money with which the consideration
was paid was borrowed, $1,000 from the Marion County State Bank,
and $600 from the Burns State Bank, the plaintiff indorsing the
paper. At the same time, Clark, Jr., and Stapleton, with their
respective wives, executed to the plaintiff their warranty deed cov-
ering the same property. The plaintiff afterwards paid the banks
the borrowed money and took up the paper which he had indorsed
for Stapleton and Clark, Jr. On May 2, 1921, nearly five years
after the execution of the deed, the defendant Howe obtained a
judgment against Clark, Jr., and Stapleton and caused execution to
be levied upon the property in controversy. In the meantime, plain-
tiff's deed was not filed for record until June 13, 1921, after judgment
in *Howe v. Clark, Jr., et al.* had been rendered. The court in the

Evidence, 22 C. J. pp. 1162 n. 67, 1167 n. 7, 1182 n. 73, 1184 n. 86. Mortgages,
27 Cyc. pp. 1021 n. 30, 1023 n. 33, 1024 n. 42; L. R. A. 1916A, 27; 19 R. C. L. 248.

instant case denied the injunction and gave judgment for the defendant for costs, holding plaintiff's deed was an equitable mortgage.

The plaintiff contends that the court erred in holding that the deed executed to him was a mortgage rather than an absolute conveyance of title. The plaintiff's own testimony, however, was to the effect that he indorsed the notes for Clark, Jr., and Stapleton; that he later paid the obligations at the two banks, amounting to $1,600, with the understanding and agreement that Clark, Jr., and Stapleton would pay him so much a week, which was never done. The plaintiff's deed was withheld from record for nearly five years. We think the evidence was sufficient under the circumstances to support a finding that plaintiff's deed was a mortgage.

The defendant contends that the court erred in admitting evidence that at the time an execution was levied upon the real estate in controversy George H. Clark had no interest, right or title therein, and in overruling defendant's motion to strike out the portion of an answer of the plaintiff to a question, to wit: "I put up the money for the purchase of this property, and I had an agreement with them that they should pay me so much a week, which was never done." The defendant's contentions cannot be sustained. On the first proposition, he was in no wise prejudiced on account of the answer to the question, inasmuch as the trial court held that the plaintiff was not the owner of the land, but had only an equitable mortgage thereon. On the second proposition, oral evidence was competent to show the intention of the parties, the character of the transaction, the purpose for which the deed was executed, and the real nature of the consideration.

A similar question arose in *Boam v. Cohen,* 94 Kan. 42, 145 Pac. 559, where it was held that even though the instrument was in form an unconditional bill of sale, parol evidence was admissible to show that it was intended as security for the payment of a debt, and in fact a chattel mortgage. The rule is the same whether the matter involved concerns either realty or chattel property. (*Dyer v. Johnson,* 109 Kan. 338, 198 Pac. 944. See, also, *Root v. Wear,* 98 Kan. 234, 157 Pac. 1181; *Hoyt v. National Bank,* 115 Kan. 167, 222 Pac. 127; Note on Deeds as Mortgages in L. R. A. 1916B, 87; 19 R. C. L. 251.)

The judgment is affirmed.