No. 39,974

Duane Roberts, *Appellee*, v. Cecil D. Williams and Lora Williams, *Appellants*.

(297 P. 2d 206)

Opinion filed May 5, 1956.

B. A. *Earhart*, of Hutchinson, argued the cause and *Aubrey V. Earhart*, of Hutchinson, was with him on the briefs for the appellants.

*Robert Y. Jones*, of Hutchinson, argued the cause and *Bryan Woodson* and *James H. Rexroad*, both of Hutchinson, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Smith, C. J.: This was an action to cancel a written contract for the sale of real estate and for possession of the real estate in question. Judgment was for the plaintiff. Defendants have appealed.

The question in the case was whether a deed from defendants to plaintiff was actually a deed or under all the surrounding facts and circumstances was a mortgage.

The petition alleged that on May 7, 1953, plaintiff and defendants agreed on the sale of a lot and a half of land by plaintiff to defendants; that defendants agreed to pay plaintiff $4,301.51 in monthly payments, as set out; plaintiff agreed to pay the taxes and insurance, such to be added to the principal sum due; that upon the default of any one monthly payment the entire balance due under the agreement should become due and interest should accrue upon the unpaid balance at ten percent; that all improvements that might be placed on the premises by defendants should become a part of the realty and could not be removed therefrom without the written consent of the plaintiff; that upon full compliance by

the defendants with the terms of the contract the plaintiff should give a warranty deed; that in the event defendants should make an assignment for the benefit of creditors or be adjudged bankrupt the agreement would be canceled and the defendants' rights would become null and void; that if defendants should fail to make any payment plaintiff had the privilege without notice to declare the agreement canceled and thereupon defendants should forfeit all rights under it and defendants agreed they would on demand surrender possession; and that the right of possession should revert to the plaintiff and all moneys paid him by defendants should be considered as liquidated damages and rent for the use of the property; and that time and punctuality were essential.

The petition then alleged that on June 10, 1953, defendants made a payment of $125 on the agreement and had made no payments subsequent to that date; that during December, 1953, plaintiff paid taxes of $16.45; that although plaintiff had made demand upon defendants to comply with the terms of the agreement they refused to do so and still failed to pay plaintiff the sums due him; that by reason of such failure plaintiff on or about January 20, 1954, in accordance with the terms of the agreement, served notice on defendants of his intention to cancel the agreement because of defendants' arrears since June 10, 1953; a copy of the notice was attached to the petition; that there was due from defendants to plaintiff $4,198.02 with interest at ten percent from July 10, 1953; also $16.45 taxes with interest at ten percent; that plaintiff was entitled to have the agreement canceled and to have it adjudged null and void; defendants had forfeited all rights under the agreement and he should be entitled to retain any payments made by defendants and entitled to immediate possession.

The prayer was for cancellation and that defendants had no rights under the agreement and that any sums paid him by them be declared to belong to him as liquidated damages and rents for the land; that the defendants be ordered to vacate the premises and be forever barred from claiming any title or interest therein. A copy of the letter of February 20th, to which the petition referred, was attached to the petition, also a copy of the agreement.

To this petition defendants filed first a motion to make more definite and certain by having the plaintiff set out the consideration that was paid for the property; this was denied and defendants demurred. The demurrer was overruled.

Defendants filed an amended answer, first a general denial; then alleged they had owned the land worth $3,500; that plaintiff induced defendants to convey it to him without consideration and in order to get them to do so made a verbal agreement to loan them $4,301.50 to erect a fruit market thereon, then sold them the lots on a payment contract for the amount of money loaned them to build the market; that the deed from them to the plaintiff was security for the loan of $4,301.50; that in addition to the loan made them by plaintiff in order to complete the building for business they were required to spend an additional amount of $2,394.76, and in order to secure this loan of $4,301.50 they deeded plaintiff the lots valued at $3,500; that the agreement to deed the property to plaintiff was not in writing but was verbal and defendants carried it out in full; that after this verbal agreement was made plaintiff executed the contract sued on; that this contract taken with all facts and circumstances and agreements between plaintiff and defendants constituted and was an equitable mortgage and contained all of the vital elements constituting such; that no note or mortgage was signed by the defendants other than the contract and deed to plaintiff; that defendants had performed their part of the verbal agreement by transferring the real estate to plaintiff; defendants did not deny that they entered into a written contract with the plaintiff to purchase this property back from plaintiff and they had made payments on it; defendants asked the court to declare the deed and other papers executed to plaintiff a mortgage and that they be given an equity of redemption of 18 months to redeem it after the sale and such other relief as the court found they were entitled to.

For a reply plaintiff filed a general denial.

The case was tried by the court. The journal entry referred to a memorandum opinion of the trial court, which will be referred to later. The trial court found in favor of the plaintiff that the contract between him and defendants be canceled and the rights of defendants declared forfeited. The trial court further ordered that defendants might within 45 days from March 22, 1955, pay the amount due under the contract, being the sum of $5,010.72, on or before May 6, 1955, and in the event defendants did so pay on or before such date plaintiff should deliver to them a warranty deed to the property; that if such amount was not paid by such date defendants should deliver possession to plaintiff who should be entitled to process for possession.

The memorandum opinion, to which reference was made in the journal entry and which was made a part of the journal entry, pointed out the rule in Kansas that a deed although absolute on its face is to be regarded as an equitable mortgage if given to secure an indebtedness; that the test in determining whether such a deed should be construed as a mortgage was whether there remained a debt with the resulting relationship between the parties of debtor and creditor. The memorandum then pointed out various facts in the record upon which the finding that this was not an equitable mortgage was based.

Defendants' motion for a new trial was on the grounds of abuse of discretion; erroneous rulings of the court; the decision was given under the influence of passion and prejudice; the decision was contrary to the evidence; newly discovered evidence which could not with diligence be produced at the trial; and the decision was contrary to the law and evidence.

The specifications of error are the court erred in finding the transaction was one of sale rather than one of mortgagor and mortgagee; in finding that no debt existed between plaintiff and defendants; in finding the acts of plaintiff and defendants did not constitute a mortgage instead of a contract; in assessing interest at ten percent on the entire amount of the contract; in not giving consideration to defendants' contention that payment was not made because plaintiff had not complied with his contract to complete the building; in not taking into consideration the real estate that had been transferred to the plaintiff by defendant without any consideration; in not granting defendants an equity of redemption in the property; and in not finding the transaction constituted a mortgage and in not giving the defendants the regular period of redemption as provided by law.

Summed up, defendants ask us to examine this record and reach a conclusion that this conveyance was given to secure the payment of a debt—and hence a mortgage even though a deed in form.

The record does not sustain this. There were some dealings between the parties whereby plaintiff paid some bills for defendants and paid some money due by defendants on the purchase of the land in question. It seems clear, however, that these payments were all a part of the transaction.

All the authorities dealing with the subject hold that the real test is—Was the relationship of these parties that of debtor or

creditor? (See *Fabrique v. Mining Co.*, 69 Kan. 733, 77 Pac. 584; *Root v. Wear*, 98 Kan. 234, 157 Pac. 1181; *Hoyt v. National Bank*, 115 Kan. 167, 222 Pac. 127; and *Kansas State Bank v. Wheeler Kelly Hagny Trust Co.*, 145 Kan. 325, 65 P. 2d 299.) There is substantial evidence to sustain the trial court's finding that no such relationship existed.

The judgment of the trial court is affirmed.