## THE NATIONAL LAND COMPANY v. THOMAS PERRY, et al.

FORFEITURE, *Not Enforced; No Error.* While contracts for the sale of land in which time is made of the essence of the contract are valid and enforceable at law or in equity, yet where the circumstances are such that it would be grossly inequitable to enforce a forfeiture, courts of equity will, upon slight ground therefor, relieve a party therefrom and enforce the contract as merely one of sale. And *held,* that under the circumstances of this case the district court committed no error in refusing to enforce a forfeiture.

### *Error from Dickinson District Court.*

AT the March Term, 1878, of the district court, *Perry* had judgment against the *National Land Company,* which brings the case here. The facts sufficiently appear in the opinion.

*John H. Mahan,* for plaintiff in error.

*McClure & Humphrey,* for Perry, defendant in error.

The opinion of the court was delivered by

BREWER, J.: In this case is presented one of those harsh time contracts for the sale of land, in which a forfeiture is sought to be enforced for non-payment at the stipulated

time. That such contracts are valid and may be enforced, has already been decided. (*M. R. Ft. Scott & G. R. R. Co. v. Brickley*, 21 Kas. 275.) The district court decided against the forfeiture. No findings of fact were made, and the only question is, whether there was testimony which will sustain such decision. And we are constrained to think that there is. While such contracts are recognized as valid both at law and in equity, yet courts of equity are reluctant to enforce forfeitures when it would be grossly inequitable to do so, and often seize upon slight circumstances to justify a refusal of such forfeitures. Here the land, 160 acres, was sold for $640, one-fifth of which was paid down and possession given. The first year, only interest was due by the terms of the contract, and that was paid. The second year, one-fourth the unpaid principal and the interest became due, and an extension in writing was granted for six months. At the expiration of that time, payment was not made, but tender was made eight days after the date of second annual payment of all amount then due, and interest, and also another tender of the entire amount due on the contract. Both tenders were refused. The land at the time of the sale was vacant, and unimproved. There is nothing to show that the price was not the fair value of the land at the time, or that anything had since transpired to affect the value other than the labor and material placed upon it by the vendee. The vendee during the two years of his possession had brought the entire tract into cultivation, had at the time of suit sixty acres in wheat, and a hedge-row growing of 160 rods in length. By his labor he had increased the value of the land $992. By the forfeiture, therefore, the vendor was seeking to obtain, not only the cash paid, to wit, one-fifth the price and the interest, but also $992 of another's labor. He refused to receive the stipulated price and interest, but sought to keep what money he had received, retake the land, and appropriate in addition one and one-half times its value of the vendee's labor. As to these facts, it may be remarked that there is no contradiction in the testimony. Under such

circumstances, it would seem to require but little to relieve against the forfeiture.

These facts also appear in the testimony: The first annual payment of principal was due March 10, 1877, and on March 17, the time of payment was extended to September 10, 1877. In September, but whether before or after the 10th does not appear; the vendee sowed sixty acres in wheat. Thereafter he placed a mortgage on the growing wheat for $160, and on December 26, sold the land to defendant in error, Perry, who assumed the mortgage in part payment. In January, 1878, Perry called on the vendor to obtain an extension of time, and the latter proposed to take up the old contract and execute a new one, with full payment of balance of purchase price in the ensuing fall. He also advised Perry to borrow money and pay off the debt. And on March 18, the tenders heretofore noticed were made. Now upon these facts we think the refusal of the court to sustain a forfeiture cannot be adjudged error.

When the right to a forfeiture accrued, the vendor, for the time being at least, waived it, and granted an extension. And when this further time had expired, he took no steps to enforce the forfeiture, permitted the vendee, if not to bestow labor upon and improve the premises, at least to treat it as though he had an interest therein, to borrow money upon growing crops, and to sell and receive pay for the land. With full knowledge of this sale, he proposed to the purchaser to throw up the old and take a new contract, and also advised him to borrow money and pay off the debt. Within a reasonable time thereafter the purchaser acts upon the advice, and tenders the money for the debt.

It seems to us that the court might properly say, considering all the circumstances, and the gross injustice of any other ruling, that it would not enforce the forfeiture, but give to the vendor his money and to the vendee the land.

We see no other matter requiring notice, or any error prejudicial to the substantial rights of the plaintiff in error.

The judgment will be affirmed.

All the Justices concurring.