The opinion of the court was delivered by
Valentine, J.:
This is the second time that this case has-been to this court. (Eckert v. McBee, 25 Kas. 705.) When the case .was here before, the judgment of the court below was affirmed, principally upon the ground of the insufficiency of the-record brought to this court; and we think the judg.ment of the-court below must again be-affirmed, on the ground that there is no error appearing in the record as the same is now presented to the court. Certainly no portion of the record specifically referred to in the brief of counsel for plaintiff in error, as required by the second paragraph of the rules of the supreme court, shows or tends to show any error committed by the-court below.
The action was originally brought by McBee against Eckert,, under § 595 of the civil code, for the recovery of certain real *233 estate. The facts of the case, so far as it is necessary to state them, appear to be substantially as follows: Originally, Eckert owned the property in controversy. He mortgaged it to John McBee. He failed to pay the debt secured by the mortgáge, and McBee foreclosed the mortgage. • The property was ordered to be sold; was sold, and a sheriff’s deed was executed for the property to John McBee. Afterward Eckert and wife conveyed the property, by deed of general warranty, to John McBee; and at the same time McBee leased the property to Eckert for three months, and agreed to sell the same to Eckert upon certain conditions, making time of the essence of the contract. These conditions were never complied with or fulfilled. Afterward John McBee and wife conveyed the property to John A. Oliphant; and afterward Oliphant and wife conveyed the property to Hannah P. McBee, the plaintiff below, and defendant in error, and the wife of-John McBee; and afterward Hannah P. McBee brought this action in ejectment, against Eckert as aforesaid. The judgment of the court below was in favor of the plaintiff, and against the defendant; and the defendant, as plaintiff in error, now brings the case to this court.
The main question presented to this court is, whether the deed from Eckert and wife to John McBee and the agreement of John McBee to] reconvey the property to Eckert, constitute a mortgage. We must answer this question in the negative. The agreement of McBee to reconvey the property to Eckert was purely a conditional sale of the property, and the whole transaction had none of the elements of a mortgage. The debt from Eckert to McBee had been extinguished a long time before, and there was no debt and no duty of any kind owing from Eckert to McBee for which the deed and agreement could be a security; and a mortgage cannot exist unless it is created for the purpose of securing something. (McNamara v. Culver, 22 Kas. 661.)
In 1 Jones on Mortgages, § 265, it is said: “A debt, either preexisting or created at the time, is an essential requisite of a mortgage.”
*234 In 4 Kent’s Commentaries, page 144, note d, it is said: “The test of the distinction is this: If the relation of debtor and creditor remains, and a debt still subsists, it is a mortgage; but if the debt be extinguished by the agreement of the parties, or the money advanced is not by way of loan, and the grantor has the privilege of refunding, if he pleases, by a given time, and thereby entitle himself to a reconveyance, it is a conditional sale.”
In the case of Glover v. Payn, 9 Wend. 520, it is said: “It is well settled that an agreement to reconvey, either with or without an advance in price, will not turn an absolute conveyance into a mortgage.”
In the case of Edrington v. Harper, 3 J. J. Mar. (Ky.) 355, it is said: “ If a bona fide purchaser of property at sheriff’s sale agree after his purchase that the former owner may repurchase the property within a given time, this, if there be ■no other fact to control the construction, will be considered a conditional sale, and not a mortgage.” And it is universally held that the rights of the parties must be reciprocal; that, in order that the transaction may be considered as a mortgage, it is necessary that the party agreeing to reconvey shall have the right to insist upon the repayment of the supposed debt, or the performance of the supposed obligation, for which the original conveyance is supposed to be a mortgage. (1 Jones on Mortgages, § 264.)
In thé present case there was no debt; nor was Eckert under any obligation to McBee to pay any money or to perform any other act, except to pay the rent for the leased premises. All that the agreement, aside from the lease, contemplated was, that Eckert should have the mere privilege of purchasing the property at a stipulated price, if he so chose; and McBee had no power to compel him to purchase it, or to compel him to perform any other act, or to sue him for the recovery of any debt.
The judgment of the court below will be affirmed.
All the Justices concurring.