### MARIA SHADE v. C. W. OLDROYD et al.

EQUITY—*Contract to Convey Land—Forfeiture.* In a conveyance of real estate made by father and mother to a son, in consideration of a yearly sum to be paid by the son during the life of the father and mother, with a condition underwritten that, should he fail to pay in manner and time as specified, he should forfeit all right and interest in the premises, equity will not enforce such a forfeiture on slight grounds, and when under the circumstances of the case it would be grossly inequitable to do so. (*Land Co. v. Perry,* 23 Kas. 140, cited, and approved.)

*Error from Franklin District Court.*

THE opinion states the case.

*J. W. Deford,* for plaintiff in error.

*Mechem & Smart,* for defendants in error.

Opinion by SIMPSON, C.: Ejectment for lot 26, in block 45, in Ottawa, Franklin county. Trial by the court, February 5, 1887; judgment for defendants; motion for a new trial overruled; exception; error brought on case-made, containing all the evidence.

July 9, 1881, John Shade leased the lot to the firm of Shade & Oldroyd, composed of his son, James H., and the defendant, Oldroyd, for five years from that date, with privi-

lege to buy it at any time during the term for $1,100, for $110 per annum rent, payable quarterly in advance; and they further agreed to purchase the property at the end of the term, (if not sooner,) for $1,100, cash. On the 14th of March, 1882, John Shade executed a will, leaving all his property to the plaintiff, his wife. It was admitted to probate September 15, 1885. About the 1st of February, 1883, being 84 years of age, he became ill with his last sickness, languished until March 15, 1883, and died on that day. His wife, the plaintiff, and his two children, James H. and Harriet, survived him. He had no other heirs. On February 2, 1883, John Shade and his wife Maria conveyed the realty in suit to James H. Shade, without other consideration than the "sole condition" that he should pay to them, during their respective lives, $90 per annum, in quarterly payments; but, should he "fail to pay, or cause to be paid" those sums "in manner and time" as specified, then he and his heirs should "forfeit all right and interest in said premises," and the grantors might reënter, remove and dispossess James H., "and all persons holding under or through him," in which event the grant should be null and void.

From the death of her husband until the death of her son, James H. Shade, the plaintiff resided with him in the city of Ottawa, during the winter, and with her daughter, Harriet, in the country, during the summer. During this time her son, James H., transacted her business, paying out money for her, as her necessities required, and accounting to her for any balance that might be due on the installments mentioned in the conveyance. When the plaintiff was in the country, her daughter, Harriet, would sometimes receive the installments as they fell due, or convey to James H. messages from his mother as to the disposition of the money. A few days prior to the time the installment complained of was due, Harriet was told that the money was ready for her mother. It was due on the 1st day of August, was offered to her on the 3d or 4th of August, and was refused, and on the 10th it was ten-

dered the plaintiff, but refused on the sole ground that it was not paid on the 1st day of August.

This action was brought and tried on the theory that the conveyance by the father and mother to the son is void because of the non-payment of the quarterly installments at the exact time specified in the deed. It is true that there is some effort in the record to show that undue influence was exerted by James H. in procuring the conveyance from his parents; and it is also insisted that the conveyance is void for want of mutuality; but the first is not sufficiently supported in fact, and the second cannot be supported as a matter of law. It may also be said of the first that the general finding of the trial court, necessarily included in the judgment, is against it, and as there is some evidence to sustain such finding, it cannot be disturbed here for that additional reason. We are very clear, too, that under the circumstances detailed in this record, the trial court did not err in holding that this was a case in which a strict forfeiture could not be insisted upon, the condition being one for the payment of money only, and all preceding payments having been made without much regard to the precise time of their maturity. See generally upon this question, the case of *Land Co. v. Perry*, 23 Kas. 140.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.