No. 20,907.

W. P. KLIESEN, *Appellee,* v. THE EQUITY EXCHANGE MER-
CANTILE ASSOCIATION, *Appellant.*

SYLLABUS BY THE COURT.

1. CONTRACT—*Purchase of Property—Installments—Default—No Waiver*
—*Rescission.* In a contract for the purchase of property on install-
ments, time being made the essence, the acceptance of payment of
second installment five days late did not operate as a waiver of prompt
payment of the next and last installment.

2. SAME. The last payment having been due five days the vendor noti-
fied the bank through which the payment was to be made not to
receive it, and proceeded to notify the purchaser that he would cancel
the contract. *Held,* that he had a right to rescind.

3. SAME—*Default—Notice of Rescission—Tender Back of Payments Re-
ceived.* Having within a few days after such notice and refusal of-
fered to return the money received on the contract and demanded pos-
session which was refused, and having in his petition tendered back all
payments less rent, the plaintiff thereby sufficiently offered to place
the purchaser *in statu quo* although the notice contained nothing on
that subject.

Appeal from Gray district court; LITTLETON M. DAY, judge.
Opinion filed June 9, 1917. Affirmed.

*John Harper, Frank L. Martin, Van M. Martin,* and *John
M. Martin,* all of Hutchinson, for the appellant.

*L. A. Madison,* and *Carl Van Riper,* both of Dodge City, for
the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sold the defendant certain elevator
property for $3550, payable $500 cash, $1550 within thirty
days, and $1500 within ninety days. It was stipulated that
the vendor should not be required to furnish an abstract of
title, but was to turn over upon final payment deeds from
former owners, and a warranty deed executed by him was to
be placed in escrow at a certain bank to be delivered upon final
payment as stipulated. Time was made the essence of the
contract. The purchaser paid the $500 cash, went into posses-
sion and paid the $1550 five days after it was due, payment

Kliesen v. Mercantile Association.

being indorsed by the cashier of the bank August 7, making it six days late. The last payment was due October 1. A check for the amount was mailed to the bank October 6. On October 5 the plaintiff informed the bank that he would cancel the contract and directed it not to receive the money or to turn over the deed. On the morning of October 6, according to the plaintiff's testimony, he left at the elevator a written notice that he had canceled the contract. On the 8th the bank acknowledged receipt of the check and advised that the plaintiff had directed that it be not received. The notice left at the elevator was received by the defendant's manager, according to his testimony, on the 9th, and was as follows:

"GENTLEMEN. Have cancelled contract to pay for elevator at Copeland. This is the request of a number of the stockholders. I do not want to take advantage of you for your money. All I ask is rent for the elevator and I will give the stockholders their stock for the balance of the money you paid me for rent. Please clean up and turn over next Monday."

Certain personal property was involved in the sale, but by agreement this was taken out of the case. The court found for the plaintiff, and the defendants appeal and urge that such finding was erroneous and that rescission under the circumstances is inequitable.

It was admitted that within a few days after the 8th of October, and before filing suit, the plaintiff offered to return the money received upon the contract and demanded possession of the property, which offer and demand were refused. The petition tendered the return of the money received less the value of the use of the property. The plaintiff testified that two or three days after the payment was due he learned that there was some misunderstanding among the farmers.

"I went down there and was there until the 5th and I phoned to the bank and asked them if they had received the money and they said they hadn't and I told them to not receive it; that I would cancel that contract."

It is complained that the plaintiff's attitude was not that he desired rescission, but a cancellation of the contract, which meant forfeiture to him of what had been paid. But in his offer before beginning the suit and in his petition he claimed nothing but his rights under a rescission.

It was pleaded and is urged as a defense that the receipt of

the second payment five days late amounted to a waiver of time as an essential element. But Cyc. thus lays down the rule:

"Although time is of the essence of the contract, waiver of default in payment as to one or more installments does not operate as a waiver of the right to insist on payment of subsequent installments as provided in the contract or prevent the vendor from rescinding or declaring a forfeiture for failure to do so. . . . The effect of the acceptance is exhausted upon the payment made, and, as to those following, the provisions of the contract are left to operate with unimpaired force." (39 Cyc. 1395.)

In *Long v. Clark*, 90 Kan. 535, 135 Pac. 673, it was said in relation to waiver of the right to insist on a forfeiture stipulation:

"It is a general rule that no mere indulgences or silent acquiescence can be construed as a waiver of the right unless some element of estoppel is involved in the transaction." (Syl. ¶ 2.)

"But mere indulgence in a delay, or the acceptance of one installment of the price after it becomes due, does not, as a matter of law, waive prompt payment of subsequent installments, where no element of estoppel is involved." (Black on Rescission and Cancellation, § 215, p. 569.)

Even forfeitures will be enforced when time is of the essence of the contract unless to do so would be grossly inequitable. (*National Land Co. v. Perry*, 23 Kan. 140; *Shade v. Oldroyd,* 39 Kan. 313, 18 Pac. 198; *Cue v. Johnson,* 73 Kan. 558, 85 Pac. 598.) In *Peterson v. Davis*, 63 Kan. 672, 66 Pac. 623, it was held that provisions making the time of payment of the purchase price of real estate of the essence of the contract are "to be respected and enforced by the courts like any other stipulation between the parties." (Syl.) In *Long v. Clark,* supra, the purchaser was to make final payment within six months or forfeit the $400 theretofore paid. An extension of thirty days was granted but default occurred and continued. After some months tender was made of the balance due, and refused. The purchasers were held not entitled to specific performance but were allowed to recover $400 of what had been paid, while the vendor was permitted to retain the other $400 as liquidated damages. Reference was made to *McAlpine v. Reicheneker,* 56 Kan. 100, 42 Pac. 339, wherein a larger sum was forfeited. See, also, *Drollinger v. Carson,* 97 Kan. 502, 155 Pac. 923.

The parties saw fit to make time essential, as they had a

Rodarmel v. Salt Co.

right to do. The last payment was several days too late and the plaintiff was not obligated to accept it. There is no forfeiture feature, and there is nothing inequitable in giving force to the contract and as a result of the default in payment to put the parties *in statu quo* as the trial court did.

"Where time is of the essence of a contract, and one of the parties fails to perform his part of the agreement punctually, at or within the appointed time, the other party, not being himself in default, will thereupon have the right to rescind the contract and treat it as at an end, which right will be recognized and enforced by the courts, unless the circumstances of the particular case show that it would be grossly inequitable to do so." (1 Black on Rescission and Cancellation, § 216, p. 571.)

The judgment is affirmed.