No. 23,498.

S. E. LUTHER and C. M. LUTHER, *Appellants*, v. W. M. HEKKING
and S. MARION HEKKING, *Appellees*.

#### SYLLABUS BY THE COURT.

VENDOR AND PURCHASER—*Option to Forfeit—Overdue Payments Accepted by
Vendor—Notice of Intention to Forfeit Should Be Given Purchaser.* The
vendor of land, sold under contract giving the vendor option to forfeit for
failure to make payments promptly, who waives defaults and accepts over-
due payments, may not afterwards exercise his privilege without notifying
the vendee of intention to forfeit and allowing reasonable time for per-
formance.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed
February 11, 1922. Affirmed.

*George K. Melvin*, and *R. E. Melvin*, both of Lawrence, for the appellants.
*John Q. A. Norton*, and *Walter G. Theile*, both of Lawrence, for the ap-
pellees.

The opinion of the court was delivered by

BURCH, J.: The action was one of ejectment. Judgment was
rendered for the defendants, on the pleadings and opening state-
ment of counsel for the plaintiffs. The plaintiffs appeal.

The petition was in the abbreviated form permissible under the
statute. The facts were that the Luthers sold the land to the Hek-
kings, who went into possession. The consideration was $5,000,
to be paid as follows: $25 cash; $25 on June 1, 1919; and $25 on
the first day of each succeeding month until the whole sum, with
interest on deferred payments, payable monthly, should be paid.
The vendees were irregular in making payments. After November
1, 1919, nothing was paid until March 3, 1920, when $126.22 was
paid. At that time the total payments amounted to $385.99, a sum
less than the monthly payments due, with interest, and interest on
the deferred payments. The contract of sale provided for forfeiture,
at the option of the vendors, in case of default in making any pay-
ment. While the contract was not read to the court, its terms were
sufficiently stated, and there is no dispute that the forfeiture pro-
vision was as follows:

"And in case of the failure of said party of the second part to make either
of the payments or perform any of the covenants on his part hereby made
and entered into, this contract shall, at the option of the party of the first
part, be forfeited and determined, and the party of the second part shall
forfeit the payments made by him on this contract, and such payments shall
be applied by said parties of the first part in full satisfaction and in liquida-

tion of all damages by them sustained, and they shall have the right to reënter and take possession of the premises aforesaid."

Nothing was paid after March 3, 1920. On May 12, 1920, notice was served exercising the option to declare forfeiture, demand for possession was made, and on May 15 the action was commenced.

The district court was of opinion the plaintiffs were obliged to resort to an action to foreclose. However that may be, the plaintiffs acted too precipitately. Assuming that time was made essence of the contract, privilege to declare forfeiture was waived by the vendors, and payments were accepted long after they were due. This acceptance did not, *ipso facto*, effect permanent waiver of the forfeiture privilege, but it placed the parties in such a situation that forfeiture could not be declared without previous notice that the privilege would be insisted on. What the vendors should have done on May 12 was to serve on the vendees notice that, unless defaults were made good within a stated reasonable time, the contract would be declared forfeited. This is the doctrine fairly indicated by the decision in the case of *Drollinger v. Carson*, 97 Kan. 502, 155 Pac. 923, on which the vendors rely, and is the true doctrine.

"Whether time is or is not of the essence of the contract, if the vendor has waived strict compliance with its terms as regards time of payment, he cannot thereafter rescind or forfeit the contract, without notifying the purchaser of his intention to do so unless payment is made, and allowing him a reasonable time for performance." (39 Cyc. 1384.)

The judgment of the district court is affirmed.