No. 24,383.

CHRISTIAN OSTERHOUT and SARAH OSTERHOUT, his wife, *Appellees*, v. HERMAN H. BRANDTS and EVALINE BRANDTS, his wife, *Appellants*, et al.

SYLLABUS BY THE COURT.

VENDOR AND PURCHASER—*Sale of Land—Default of Purchaser—Liquidated Damages—Forfeiture of Advance Payments.* On default of the purchasers of a farm, equity does not require the repayment or reconveyance of a relatively small part of the consideration received by the vendors when the contract between the parties stipulated that such partial payment should on default of the vendees be forfeited as liquidated damages, especially where such stipulated damages are not shown to be materially in excess of the actual damages sustained by the vendors.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed November 10, 1923. Affirmed.

*Edgar Bennett,* of Washington, for the appellants.

*J. R. Hyland,* and *F. R. Lobaugh,* both of Washington, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: Plaintiffs brought this action for possession and to quiet their title to a farm which they had contracted to sell and convey to defendants but which the latter had failed to pay for according to their contract.

In 1916, plaintiffs contracted to sell and agreed to convey their farm to defendants for $9,475, for which they received from defendants $55 in cash, two town lots in Nebraska valued at $1,420 but subject to a mortgage for $580 which plaintiffs assumed and agreed to pay, and defendants' obligation for $8,000 to be paid on or before February 1, 1921, together with interest thereon at 6 per cent payable annually. The defendants also agreed to pay the taxes on the farm as they became due, and the contract also provided that if defendants failed to pay the interest or principal within 15 days after it was due, or if they failed to pay the taxes, then the contract at the option of plaintiffs should become void, and the Nebraska

property conveyed and the money paid to plaintiffs should be forfeited as liquidated damages and as rent for the time the premises were occupied by defendants, and the right of the latter to possession should cease. The defendants further agreed that in case of their default they would immediately surrender possession and relinquish their interest in the property to plaintiffs.

Pursuant to this agreement, defendants conveyed to plaintiffs the town lots in Nebraska. Plaintiffs took possession of the town lots and defendants took possession of the farm and paid the interest annually for four years. Defendants incurred a debt for improvements on the farm amounting to $192 which was paid off by plaintiffs to protect the farm from a lien, and defendants agreed that such sum should be added to their principal obligation and secured in the same way. Defendants failed to pay the taxes for 1919 and 1920, and defaulted on the payment of the fifth year's interest and also defaulted on the payment of the $8,000 when it became due.

Plaintiffs' evidence tended to support the allegations of their petition as outlined above. Defendants' demurrer thereto was overruled. Defendants' answer admitted the execution of the contract, and pleaded certain other matters not here pertinent. No evidence was offered by defendants.

Judgment was entered in plaintiffs' behalf, for possession and quieting their title.

Defendants appeal, and the only fault they find with the judgment is that it should have been conditioned on the reconveyance of the Nebraska town lots to defendants.

Defendants invoke the general doctrine that where the circumstances show that the enforcement of a forfeiture clause in a contract is grossly inequitable, a court of equity will relieve the obligors therefrom, especially where the substantial rights of the parties insisting on the enforcement of the forfeiture can otherwise be adequately protected. It is not apparent how such equitable doctrine applies here. The defendants paid plaintiffs $55 in cash and gave them an equity of $840 in some town lots. In return for this, they have occupied plaintiffs' $9,475 farm for two or three years without paying either rent, interest or taxes, and subjected plaintiffs to an expense of $192 to protect the farm from liens. Under such circumstances it would be an offense against equity and good conscience to require the plaintiffs to reconvey the town lots. Moreover, there was no evidence tending to show that the contractual

stipulation concerning the retention of the town lots by plaintiffs if defendants breached their contract was anything except what it purported to be—liquidated damages. (*Drollinger v. Carson*, 97 Kan. 502, 155 Pac. 923; *Bentley v. Keegan*, 109 Kan. 762, 202 Pac. 70, and citations.)

Affirmed.