No. 24,951.

C. L. Lamborn et al., *Appellants,* v. The Denison State Bank, *Appellee.*

### SYLLABUS BY THE COURT.

Warranty Deed — *Intended as an Absolute Conveyance — Not a Mortgage — Contemporaneous Writing Construed.* Record examined and the evidence held sufficient to support a judgment that a warranty deed was intended to be an absolute conveyance and not a mortgage; and that a contemporaneous written instrument between the parties, aside from containing matters not here pertinent, merely gave the plaintiffs a privilege to sell or trade the property upon terms with which the plaintiffs did not comply and within a time specified which had expired at the date of the judgment.

Appeal from Jackson district court; Martin A. Bender, judge. Opinion filed February 9, 1924. Affirmed.

*H. R. Fulton,* of Holton, for the appellants.
*E. D. Woodburn,* of Holton, for the appellee.

The opinion of the court was delivered by

Dawson, J.: Plaintiffs brought this action seeking a judicial determination that a certain deed of conveyance made by them to the defendant bank was merely a mortgage on a quarter section of Jackson county land constituting plaintiffs' farm.

The deed which was one of general warranty was exhibited by copy attached to plaintiffs' petition.

Plaintiffs alleged that at the time of its execution the parties entered into a contemporaneous written contract that the title should remain in plaintiffs and that at any time prior to March 1, 1923, upon payment to the defendant bank of all moneys expended by it in satisfaction of mortgages then encumbering the land and the interest thereon, the plaintiffs could sell or dispose of the land as they saw fit.

A copy of this agreement was also attached to plaintiffs' petition. It was dated October 5, 1921, and recited the sale and conveyance of the land from plaintiffs to the bank. The consideration was set down in detail. The bank agreed to pay off a second mortgage of $600 and past due interest thereon; it also agreed to pay the interest past due on a first mortgage of $4,400, amounting to $770.24; the bank also agreed to pay the interest on a third mortgage of $3,000, which had accrued since November 28, 1920; and the bank agreed to pay the taxes for 1920 and the penalties thereon and to keep the taxes and interest paid until March 1, 1923, unless the land was sold or traded "as hereinafter provided."

The written contract further provided that the bank should lease the land to the plaintiffs and furnish the seed, for one-half the wheat, corn, oats, and other grain raised thereon delivered at Denison, and plaintiffs agreed to give possession of the wheat ground and oats ground by August 1, 1922, so that such ground might be plowed if the bank so desired. The concluding stipulation reads:

"Party of the second part agrees to give parties of the first part the privilege of trading or selling above described farm at any time before March 1st, 1923, and extending the $3,000 mortgage one year from date of trade or sale, provided that parties of first part pay or cause to be paid to party of the second part all moneys paid by said second part in accordance with this contract and interest thereon at the rate of 8 per cent from date of such payments less any amounts due or received on lease above mentioned, or any other lease that may be made for year 1922."

For answer, the bank filed a general denial, pleaded full performance of all its obligations under the written contract, and alleged that the deed was an absolute conveyance of the property according to its tenor.

A jury was waived; the parties introduced their testimony; the court made a finding that the deed was intended by the parties to be a conveyance in fee simple, and that by the terms of the contemporaneous written contract the plaintiffs were given the privilege of trading or selling the land at any time before March 1, 1923; and that the time covered by that privilege had expired, and that, at the date of the judgment, the plaintiffs had no right, title or interest in the property nor any privilege of selling, trading or occupying the property.

Plaintiffs appeal, specifying three errors, two of which relate to the sustaining of objections to questions asked of witnesses. These

Lamborn v. State Bank.

questions sought to elicit answers at variance with the written terms of the contract, and the court's rulings thereon were correct.

Under the third assignment of error which relates to the judgment in favor of defendant and against plaintiffs, the contention is made that the evidence disclosed that the deed was made as security for money which the bank was to and did advance to plaintiffs' creditors. There was very little evidence, if any, to support that view. On the other hand, there was abundant evidence to the contrary; and while this court is not called on to weigh and determine the preponderance of testimony given *pro* and *con,* it would be difficult indeed to give any other interpretation to the collateral contract of March 5, 1921, than that of the trial court. It fairly appears that by their own interpretation of the deed and contract, the relation of the bank as landlord and the plaintiffs as tenants of the land in controversy was assumed and carried out. The bank itself held the third mortgage of $3,000 encumbering the property and, quite consistently with its title as owner, it could conditionally agree to revive and extend that mortgage (*Bank v. Bank,* 103 Kan. 865, 176 Pac. 658) if plaintiffs should succeed in effecting a sale or trade of the premises within the time allowed to them to do so. It was clearly shown that the $3,000 was charged off the bank's books; the debt was extinguished. The plaintiffs do not owe that $3,000. Neither do they owe any of the other sums which the bank agreed to pay and did pay pursuant to the contract, and in consideration of which the property was conveyed to the bank.

In *Fabrique v. Mining Co.,* 69 Kan. 733, 77 Pac. 585, this court discussed the question of when a deed is held to be a mortgage, and said:

"The test in determining whether an absolute conveyance with a separate agreement to reconvey, executed simultaneously, constitutes a mortgage is whether the relation of debtor and creditor continues to exist." (p. 737.)

"The test of the distinction is this: If the relation of debtor and creditor remains, and a debt still subsists, it is a mortgage; but if the debt be extinguished by the agreement of the parties, or the money advanced is not by way of loan, and the grantor has the privilege of refunding, if he pleases, by a given time, and thereby entitles himself to a reconveyance, it is a conditional sale." (4 Kent's Commentaries, 14th ed., p. 163, note D.)

Here, of course, it was not an agreement to reconvey upon condition, but merely an agreement giving an option to sell upon condition, but the same principle of interpretation should apply.

See, also, *M'Namara v. Culver,* 22 Kan. 661; *McDonald & Co.*

*v. Kellogg, Trustee,* 30 Kan. 170, 2 Pac. 507; *Elston v. Chamberlain,* 41 Kan. 354, 21 Pac. 259; *Martin v. Allen,* 67 Kan. 758, 74 Pac. 249; *Wiswell v. Simmons,* 77 Kan. 622, 627, 95 Pac. 407; *Hoyt v. National Bank,* 115 Kan. 167, 222 Pac. 127; Note in L. R. A., 1916 B, 18 *et seq.*

The judgment is affirmed.