Heard v. Gephart.

No. 25,745.

JOHN E. HEARD, *Appellee*, v. GEO. E. GEPHART et al., *Appellants*.

SYLLABUS BY THE COURT.

VENDOR AND PURCHASER — *Default in Payments* — *Election to Rescind* — *Recovery of Property*. Where a contract is executed for the sale of real property upon terms of a relatively small down payment by the purchaser, who also agreed to pay monthly installments of principal and interest, and to pay the taxes on the property and to keep the premises insured against fire and tornado, and where the parties also agreed that if the purchaser defaulted in his payments of installments, insurance or taxes the contract should be terminated and that whatever monthly payments were made should be considered as rent and liquidated damages, and that the interest of the purchaser should be canceled and that the vendor should have the right of reëntry and possession, it is *held,* that in view of the facts noted in the opinion the contract terms were not inequitable so as to justify the trial court in refusing to enforce it; and *held,* also, that the statute regulating the foreclosure, sale and redemption of mortgaged property had no bearing on the transaction.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed March 7, 1925. Affirmed.

*C. T. Atkinson,* and *Tom Pringle,* both of Arkansas City, for the appellants.
*L. C. Brown,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to cancel a written contract for the sale of a house and two lots of ground in Arkansas City.

The contract, executed March 15, 1920, provided for a sale of the premises from plaintiff to defendant George A. Gephart for the sum of $4,000, of which $400 was to be paid in cash, and the balance in monthly installments of principal and interest at 8 per cent beginning at $60 per month and regularly decreasing each month for 35 months, and on the 36th month the entire balance of $2,391.60 was to be paid. The contract also provided that defendant should pay the taxes and keep the premiums paid on the fire and tornado insurance policies. It was also stipulated that time was of the essence of the contract and that if defendant should make default in his payments or in any of the other terms of the contract, he should forfeit his rights thereunder, and whatever payments he had made should be retained by the plaintiff as liquidated damages and as rent for the use and occupation of the property, and the plaintiff

should have the right to reënter and repossess himself of the premises.

Pursuant to this contract, defendant was let into possession and made the monthly payments of principal and interest with very fair regularity until July, 1922, at which time he made default, and thereafter neither paid the installments nor did he pay his taxes or insurance.

On May 15, 1923, plaintiff notified defendant of his intention to bring an action to cancel and annul the contract unless defendants' several defaults were paid up within ten days. This notice being altogether ignored by defendant, this action, alleging the foregoing facts and setting up the contract, was begun on August 2, 1923.

Defendant answered, denying the accuracy of the account stated in plaintiff's petition, and among other matters he pleaded a hard-luck story about a strike in which he was out of work for a time, and of sickness in his family, and that he had been unable to make the payments required by the contract or to pay the taxes—

"But these defendants aver that as soon as it is possible, and that he believes that to be within the next two or three months, he shall be able to pay the taxes on said premises and to finish the payments due upon said real estate."

Defendants' answer concluded with a prayer that the court find that the premises were the homestead of defendants, and that they and their children had resided thereon and had paid more than $2,000 thereon, and that when defendants should pay the taxes and past due indebtedness the court should order the plaintiff to give them a deed to the property, and—

"That the time of redemption for these defendants shall be the period of eighteen months from the time the judgment is given herein, and for such other and further relief as to the court may seem equitable and just."

Evidence on behalf of defendants showed the aggregate of their payments on the property to have been $1,989.28. On behalf of plaintiff it was shown that the rental value of the property was about $40 to $45 per month, and that the defendant had neglected for two years to pay the taxes, $305.15, and to keep the property insured, and that plaintiff had to meet these charges himself.

Judgment was entered for plaintiff on February 14, 1924, the trial court's findings being in accord with plaintiff's testimony and the terms of the written contract, and—

"That the reasonable rental value of said premises ever since the ——

day of March, 1920, is the sum of $40 per month, and that it is not inequitable to annul said contract, and that the plaintiff have restitution of said premises. It is therefore by the court considered, ordered and adjudged that the contract set out in the petition of the plaintiff is annulled and held for naught. That the plaintiff be and he is hereby declared and adjudged to be entitled to the immediate possession of said premises. It is further considered, ordered and adjudged that the defendants vacate and surrender the possession of the premises now occupied by them, and which premises are the same as described in the plaintiff's petition, within thirty days from this date, and that a writ of ouster be issued and directed to the sheriff of Cowley county, Kansas, in case said defendants fail to vacate said premises within thirty days from this date."

Defendants appeal, complaining that the trial court ignored their equity in the property. At the time this judgment was entered it is difficult to perceive that defendant had any equity in the premises. They had made a fair and square bargain, by which, and only because of which, the plaintiff had let them into possession, which stipulated that if they should default in their payments, such installments as they did pay should be considered as rent and liquidated damages. The trial court, upon sufficient showing, held that there was nothing inequitable about that contract to justify a judicial refusal to enforce it. Defendants have not paid one dime in taxes, insurance or on the purchase price since their belated payment due in July, 1922. This judgment was entered on February 14, 1924, and defendants were even then given another month to vacate—twenty months in which defendants have held the property, rent free and tax free.

Since the trial court held that the contract was not inequitable, it could not be construed or distorted into an equitable mortgage; and the statute pertaining to the foreclosure, sale and redemption of mortgaged property has nothing to do with this case. The contract was enforcible according to its terms. (*Drollinger v. Carson,* 97 Kan. 502, 155 Pac. 923, and citations; *Kliesen v. Mercantile Association,* 101 Kan. 138, 165 Pac. 650, and citations; *Bentley v. Keegan,* 109 Kan. 762, 202 Pac. 70; *Osterhout v. Brandts,* 114 Kan. 537, 220 Pac. 171. See, also, *Pickens v. Campbell,* 104 Kan. 425, 179 Pac. 343; *Luther v. Hekking,* 110 Kan. 478, 204 Pac. 523.) In a contract for the sale of property upon periodical payments, the equitable relation of mortgagor and mortgagee does not define the status of a vendor and purchaser, unless there is a debt which must inevitably be paid. (*Eckert v. McBee,* 27 Kan. 232; *Fabrique v.*

*Mining Co.,* 69 Kan. 733, 77 Pac. 584; *Root v. Wear,* 98 Kan. 234, 157 Pac. 1181; *Hoyt v. National Bank,* 115 Kan. 167, 222 Pac. 127; *Lamborn v. State Bank,* 115 Kan. 415, 223 Pac. 293.) Here there was no debt which defendants were absolutely bound to pay. They merely had to keep their alternative promise—pay or terminate the contract and vacate the premises. Defendants seem to find an analogy between the present case and that of *Ruf v. Grimes,* 104 Kan. 335, 179 Pac. 378, where the assignees of a contract for the purchase of town lots, and who made default in their payments therein, were dealt with as mortgagors, and one of the errors they urged was that they were given only six months to redeem. This court held that such a decree gave the defaulting assignees no right to complain, but incidentally it was observed that the other party to the litigation, Pattison, might have had a just basis of complaint therewith.

There is no error in the record, and the judgment is affirmed.