No. 33,001

CHARLES E. RIEKE, *Appellee,* v. ALBERT A. SMITH and EDITH B. SMITH, *Appellants.*

(62 P. 2d 889)

Opinion filed December 12, 1936.

*Andrew J. Pflumm, Thomas F. Wells* and *John Kirkpatrick,* all of Olathe, for the appellants.

*Charles C. Hoge,* of Olathe, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was a suit to cancel a written instrument, designated an "option contract," pertaining to real estate and to recover possession of the premises. Plaintiff prevailed, and defendants appeal.

Defendants contend the instrument was in fact a contract of purchase and sale, that they had paid more than one third of the purchase price, made some improvements, and although long in default in payment of principal, interest and taxes, it was inequitable to declare a forfeiture. They urge additional time should have been allowed to pay amounts past due or the transaction should have been declared an equitable mortgage with the privilege of an eighteen months' period of redemption.

The writing was signed by both parties on June 15, 1927. The total consideration was $2,481. Of this amount $300 was paid when the deal was negotiated, leaving a balance of $2,181. Provision was made for privilege to pay monthly amounts, with interest on the unpaid balances. Defendants made improvements amounting to about $180, installment payments were made on principal in the sum of $1,121.83, and interest was paid in the sum of $729. No payment was made after September 25, 1933. Defendants were in default in payment of taxes for the three-year period from 1932 to

1934, inclusive, before suit was filed, and the 1935 taxes accrued after suit was commenced. They were in default $1,314.56 on principal. They were in default on interest since September 25, 1933, together with interest on that amount at seven percent per annum. Suit was not filed until April 9, 1935. Prior to suit, and on January 21, 1935, plaintiff served written notice on defendants advising they were in default and unless the amounts past due and interest thereon were paid in full within fifteen days from date of service of notice the option agreement would be declared forfeited for noncompliance, suit brought for recovery of possession, and for cancellation of the option agreement. Defendants did not then make, nor have they since made, tender of all or any part of the amount past due. The suit was tried on November 15, 1935, and judgment rendered January 7, 1936. The trial court held the instrument to be an option contract, decreed cancellation, and granted defendants until February 1, 1936, to vacate the premises.

It will be observed no payments had been made for two years, three months and about twelve days prior to judgment. No indication was given as to when defendants could pay the amounts past due, if ever. Four years of taxes remained unpaid. The rental value of the property was $10 per month. Defendants had enjoyed the possession of the premises for eight years and approximately seven months prior to judgment. A fifteen days' notice of forfeiture under the circumstances was sufficient. (*Drollinger v. Carson*, 97 Kan. 502, 155 Pac. 923; *Heard v. Gephart*, 118 Kan. 82, 233 Pac. 1044; *Atchison Savings Bank v. Richards*, 131 Kan. 81, 289 Pac. 975.)

Time was made the essence of the transaction. In the event of default the amounts paid and improvements were to be forfeited as liquidated damages. In the event of default defendants agreed to surrender possession without delay. It was further provided no court should in any respect relieve defendants from a strict compliance with all the terms of the contract. Defendants were under no obligation to pay anything on the original purchase price. The only condition under which defendants obligated themselves to pay anything was in the event of occupancy and they were not obliged to occupy the premises. If they occupied the premises in person or by tenant they agreed to pay the insurance, taxes, special assessments and interest. As previously stated, the taxes and interest were long in arrears. In the event defendants desired a deed they were of

course duty bound to pay the full consideration, but they were not obliged to do so. No definite money judgment could therefore be rendered against them as due on the purchase price. This court has frequently ruled that statutes regulating foreclosure, sale and redemption of mortgaged property, do not apply to transactions of this character. (*Heard v. Gephart,* supra; *Atchison Savings Bank v. Richards,* supra; *Coryell v. Hardy,* 144 Kan. 194, 58 P. 2d 1151, and cases therein cited.)

We are thus confronted with the sole remaining question as to whether under all the circumstances we can say the judgment of cancellation was inequitable. To do so we would in effect be obliged to say the trial court abused its sound discretion in the premises. This would be true if the transaction were held to constitute a contract of "purchase and sale," rather than merely an "option contract." In the light of the long possession by defendants, together with all other circumstances narrated, we are not inclined to disturb the judgment. It is therefore affirmed.