No. 33,446

HOME OWNERS' LOAN CORPORATION, *Appellant,* v. KATE E. TORREY et al., *Appellees.*

(69 P. 2d 1096)

Opinion filed July 10, 1937.

*Elmer E. Martin,* of Kansas City, for the appellant; *George S. Allen,* of Topeka, of counsel.

*Thomas H. Finigan* and *Thomas E. Joyce,* both of Kansas City, for the appellees.

The opinion of the court was delivered by

THIELE, J.: The question presented by this appeal is the length of the period of redemption from a sale under judgment of foreclosure.

There is no dispute as to the facts. The appellee, Kate Torrey, and her husband, prior to October 19, 1928, owned two certain lots in Kansas City, Kan., which she mortgaged to the Riverview State Bank. The mortgage was foreclosed, the property sold, and the period of redemption having expired on December 19, 1932, the bank received a sheriff's deed. In January, 1933, the bank and the Torreys entered into a contract which, in part, gave the Torreys a thirty-day option to purchase one of the lots for $4,500, and provided for extension of the option. The contract provided in part:

"But it is hereby agreed and understood that no title, interest or estate in said premises is conveyed by this agreement to second party, but only the right to purchase said real property if he so chooses, in accordance with the terms of the option hereby given, and to occupy said premises as provided herein, and only as provided herein; and it is further agreed and understood that said second party is not hereby obligated to purchase said real property to pay any sum by this contract, except if he occupies said premises in person or by tenant, to pay the insurance, taxes, special assessments, tax bills, and interest as provided herein. . . . It is further stipulated and agreed by and between the parties hereto that time is of the essence of this agreement and all parts thereof. In the event of the failure of the second party to make any of the payments to keep this option in force at the time provided herein, all moneys previously paid by second party upon this agreement and all improvements made on said real property shall be forfeited to said first party as liquidated damages, and this agreement shall cease and determine, and said first party shall have the right to immediately enter upon said real property and take possession thereof, if said second party is in possession, together with the improvements thereon, and said second party agrees to give and surrender possession thereof without delay or hindrance, and that no court shall in any respect relieve said second party from a strict compliance with all the terms hereof."

The Torreys made monthly payments on this contract which were applied to interest, taxes and repairs, and in March of 1934 the amount necessary to be paid to exercise the option was $4,609.96.

On June 10, 1934, Mr. Torrey died, and shortly thereafter Mrs. Torrey completed arrangements for a loan from the plaintiff corporation for $4,848.18, secured by a mortgage on the lot, and from the proceeds the bank was paid the amount due on the option contract. In order to induce plaintiff to make the loan the Torreys and an officer of the bank executed and delivered to plaintiff an affidavit stating the option agreement was in force and effect but that the Torreys were in default in payments. Mrs. Torrey thereafter paid $197.88 as interest on the plaintiff's mortgage loan, but no more, and on October 6, 1936, it filed its action to foreclose, and in its petition alleged the mortgage was for purchase money and that less than one third of the purchase price had been paid by defendant, and that the period of redemption should be reduced to six months. Judgment was later entered for plaintiff for the amount sued for, the trial court fixing the period of redemption at eighteen months. The plaintiff appeals, assigning as error that the trial court erred in its ruling with respect to the period of redemption.

Before discussing appellant's contention, we notice appellee's theory that the mortgage was not a purchase-money mortgage. She contends she has been the owner of the property at all times since prior to the first mortgage to the bank. That claim is not good, for that mortgage was foreclosed and the bank received a sheriff's deed to the property. She also says the option contract was merely a contract of purchase, citing *Marquez v. Cave,* 134 Kan. 374, 5 P. 2d 1081; *Ditzen v. Given,* 139 Kan. 506, 32 P. 2d 448, and it may be conceded they so hold, and that under her claim of ownership the option contract constituted an equitable mortgage, and that the subsequent loan from plaintiff to pay the equitable mortgage took the plaintiff's loan out of the class of those entitled to a reduction of the period of redemption for failure to pay one third of the purchase price, citing *Phoenix Mutual Life Ins. Co. v. Aby,* 144 Kan. 544, 61 P. 2d 915; *Union Central Life Ins. Co. v. Kershaw,* 137 Kan. 819, 22 P. 2d 481. Appellant contends the option contract did not create an equitable mortgage; that it furnished defendant with the entire purchase price, and under the undisputed facts that one third thereof not having been paid, it is entitled to have the period of redemption reduced.

In *Dengel v. Lowder,* 144 Kan. 735, 62 P. 2d 866, a contract substantially of the same form as that here involved was under consideration, and it was held that it meant what it said and that the

optionees were not required to purchase, and that the contract was not a mortgage.

A somewhat similar contract was before this court in *Heard v. Gephart*, 118 Kan. 82, 233 Pac. 1034, and it was there said:

"Since the trial court held that the contract was not inequitable, it could not be construed or distorted into an equitable mortgage; and the statute pertaining to the foreclosure, sale and redemption of mortgaged property has nothing to do with this case. The contract was enforceable according to its terms. (*Drollinger v. Carson*, 97 Kan. 502, 155 Pac. 923, and citations; *Kliesen v. Mercantile Association*, 101 Kan. 138, 165 Pac. 650, and citations; *Bentley v. Keegan*, 109 Kan. 762, 202 Pac. 70; *Osterhout v. Brandts*, 114 Kan. 537, 220 Pac. 171. See, also, *Pickens v. Campbell*, 104 Kan. 425, 179 Pac. 343; *Luther v. Hekking*, 110 Kan. 478, 204 Pac. 523.) In a contract for the sale of property upon periodical payments, the equitable relation of mortgagor and mortgagee does not define the status of a vendor and purchaser, unless there is a debt which must inevitably be paid. (*Eckert v. McBee*, 27 Kan. 232; *Fabrique v. Mining Co.*, 69 Kan. 733, 77 Pac. 584; *Root v. Wear*, 98 Kan. 234, 157 Pac. 1181; *Hoyt v. National Bank*, 115 Kan. 167, 222 Pac. 127; *Lamborn v. State Bank*, 115 Kan. 415, 223 Pac. 293.) Here there was no debt which defendants were absolutely bound to pay. They merely had to keep their alternative promise—pay or terminate the contract and vacate the premises. Defendants seem to find an analogy between the present case and that of *Ruf v. Grimes*, 104 Kan. 335, 179 Pac. 378, where the assignees of a contract for the purchase of town lots, and who made default in their payments therein, were dealt with as mortgagors, and one of the errors they urged was that they were given only six months to redeem. This court held that such a decree gave the defaulting assignees no right to complain, but incidentally it was observed that the other party to the litigation, Pattison, might have had a just basis of complaint therewith." (p. 84.)

Quoted above is a portion of the contract making time of the essence of the contract, as well as the provisions for forfeiture. In *Coryell v. Hardy*, 144 Kan. 194, 58 P. 2d 1151, it was held that a contract providing for a small down payment, application of rents paid to reduction of principal, performance of other conditions, and for forfeiture in event of default, time being of the essence of the contract, did not constitute an equitable mortgage.

The contract under consideration did not of itself create any equitable mortgage. Nor was there such performance under it that the Torreys became entitled to any particular equitable considerations, for there never was a time after it was made up to the time the option was exercised and the property purchased with the proceeds of plaintiff's loan that the principal sum due was reduced as much as forty dollars.

We cannot give assent to appellee's contention that the option contract was in effect a redemption from the previous sale in foreclosure to the bank. The bank had acquired a sheriff's deed to the property and was the absolute owner thereof when it contracted to sell to the Torreys. Nor did the fact that when the option was exercised the mortgage was made to the plaintiff, and not to the bank, mean the mortgage was not for the purchase price. If the purpose of the mortgage loan was to procure the purchase money, the mortgage was a purchase-money lien, and if one third of the purchase price was not paid when default occurred, the period of redemption should be six months. See G. S. 1935, 60-3466, and, also, *Langworthy v. Martin,* 129 Kan. 159, 281 Pac. 879, where this court said:

"The chief concern of the statute regarding the redemption period is in respect to the amount of the financial stake the judgment debtor has in the property which is extinguished by the foreclosure sale. Have he and those claiming under him actually been out of pocket as much as one third of the purchase price? If so, they are to have eighteen months to redeem. If their entire stake in the property is less than one third of the purchase price, then a leniency of six months for redemption after foreclosure sale is all they should have. (*Woods v. Wolf,* 116 Kan. 56, 225 Pac. 1081; *Chastain v. Walton,* 120 Kan. 157, 242 Pac. 479.) While it is true that in the familiar run of analogous cases the mortgages were executed by the purchaser to some third party from whom the purchase money had been borrowed, the reason for the six months' redemption period in such cases is precisely the same where the form of the borrowing transaction alone has been varied, but not its substance. In either case the mortgagee is the party who furnishes the purchase money." (p. 161.)

We conclude the trial court erred in fixing the period of redemption at eighteen months, and in that respect its judgment is reversed and the cause remanded with instructions to set aside its order so made and to fix the period of redemption at six months from the date of the sheriff's sale.