594

No. 34,376

C. E. HIVELY and LuETTES HIVELY, *Appellees*, v. JOSEPHINE McMAHON GRAFF et al., *Appellants*.

(100 P. 2d 685)

Opinion filed April 6, 1940.

*J. H. Brady* and *N. E. Snyder,* both of Kansas City, for the appellants.

*Arthur J. Stanley, Arthur J. Stanley, Jr., J. E. Schroeder, Lee E. Weeks* and *Leonard O. Thomas,* all of Kansas City, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was a suit in equity to determine the rights of the parties under an option-to-purchase contract pertaining to real property, and for an appropriate decree. The trial court found defendant had breached the conditions of the contract to be performed

on her part necessary to keep the option to purchase the property in force, determined the amount she should pay to purchase the property if she desired to do so, and gave her an additional twelve months in which to make the payment. Defendant has appealed.

More specifically the facts may be stated briefly as follows: Plaintiffs, being the owners of the real property involved, on March 12, 1924, entered into a written contract with Mary E. McMahon by which, in consideration of $1,000 then paid, they gave to her the option for one month to purchase certain described real property in Wyandotte county for $6,500. The agreement provided the option might be renewed from month to month by the payment of $40 (later reduced to $30) on or before the 12th day of each month. The optionee was entitled to go in possession of the property, but if she did so was to pay the taxes and the special assessments as they became due and to pay for insurance on the property in a stated sum. Time of these payments was made of the essence of the contract. The optionee was not obliged by the contract to make any payments. At no time were the payments to be more than two months in arrears, and if they became so the rights of the optionee ceased and she agreed to surrender possession of the property to plaintiffs, and that all payments previously made and all improvements placed on the property by her should be forfeited to plaintiffs as liquidated damages. Mrs. McMahon went into possession of the property and paid the taxes to and including the year 1933, and she, or defendant as her successor in interest, paid the monthly payments to keep the option in force until August 12, 1937. In the meantime Mrs. McMahon died, and in June, 1937, her daughter, the defendant herein, and plaintiffs executed the following instrument:

"The undersigned agree, that Josephine Graff as assignee and successor of Mary Ellen McMahon, deceased, and as the second party to the annexed option contract, shall pay to the first party, C. E. Hively and Lu Ettes Hively, at the Victory State Bank of Kansas City, Kansas, all sums necessary to restore, place and keep said option contract in force according to its terms, and shall also pay all of the unpaid taxes and assessments on said real estate in said contract described; that second party shall make such payments by ————— 12, 19——, and that thereupon the annexed option contract shall be and continue in force between the undersigned (except as hereby modified), in accordance with the terms thereof."

On November 16, 1937, plaintiffs served notice upon defendant for the purpose of terminating the option agreement. This action was filed December 2, 1937.

Appellant contends the court erred in admitting in evidence this agreement between plaintiffs and defendant of June, 1937. It is argued that the original contract of March 12, 1924, is a mortgage within the definition of our mortgage registration act (G. S. 1935, 79-3101 *et seq.*) ; that while the tax required by this statute does not apply to the original contract, because it was executed before the statute went into effect, the agreement of June, 1937, is a renewal or extension of the original contract within the meaning of G. S. 1935, 79-3102, and since the mortgage registration fee was not paid on that instrument—a fact which is conceded—plaintiffs were not entitled to have it admitted in evidence (G. S. 1935, 79-3107). The point is not well taken. Defendant was the sole heir at law of Mrs. McMahon, the optionee in the original contract. The agreement of June, 1937, between plaintiffs and defendant was simply a recognition of her right to succeed to the interest of the original optionee in the contract. Appellant points to the language in this instrument by which it was agreed defendant "shall pay" plaintiffs "all sums necessary to restore, place and keep said option contract in force according to its terms." That is no more than she would have been obliged to do if she cared to keep the option in force. ". . . And shall also pay all of the unpaid taxes and assessments, . . . and that thereupon the annexed option contract shall be and continue in force between the undersigned, . . . in accordance with the terms thereof." This again is no more than the optionee was obligated to do if the option to purchase was to remain in force. We observe that the taxes were not paid for 1934 and subsequent years; hence, under this agreement appellant never did what was necessary for her to do in order to keep the option contract in force, and had it been put in force it would then have been only in accordance with the terms thereof. More than that, if this instrument had not been received in evidence there would have been nothing in the record to show that appellant had any interest in this property. We think the court did not err in admitting the instrument in evidence.

It next is contended by appellant that in view of the fact that more than half of the purchase price had been paid, the court erred in forfeiting the contract; that it should have been treated as a mortgage, plaintiff should have been required to foreclose it as such, and the court should have granted appellant eighteen months in which to redeem, and possession of the property during that time.

We think this point is not well taken. It was stipulated at the trial that the rental value of the property for the entire period was $30 per month. Up to the time of the decree rendered in January, 1939, the payment made to plaintiffs was substantially the amount of the rental value of the property plus unpaid taxes. At that time the court found the amount defendant would need to pay to purchase the property under the terms of the option contract to be $2,863.86, and the court gave defendant twelve months in which to pay that sum, with interest, and to be entitled to a deed to the property. After the beginning of this action defendant made no effort to reinstate this contract, or to make further payments thereon. We are unable to say that the decree of the court was not equitable as applied to appellant. These contracts are not mortgages in form, and normally the statute pertaining to the foreclosure sale and redemption of mortgaged property has nothing to do with them. (*Heard v. Gephart,* 118 Kan. 82, 223 Pac. 1044.) Normally the rights of the parties under them are determined by courts of equity under equitable rules pertaining thereto and are treated as mortgages and required to be foreclosed as such only when under such equitable principles that would be fair to the parties. In view of the contract made, the fact that the optionee had the value of the use of the property almost equal to the amount paid, with taxes unpaid for almost five years, with no effort on defendant's part at any time while the case was pending to pay a sum sufficient to keep the option in force, we think it would have been inequitable for the court to have decreed that the contract should be regarded as a mortgage, to have required the property to be sold, and to require plaintiffs to be out of possession for an additional eighteen months, with taxes accumulating.

We find no error in the record. The judgment of the court below is affirmed.